## UNITED STATES FEDERAL COURT
## MIDDLE DISTRICT, STATE OF GEORGIA

| | | |
|---|---|---|
| **CHEYANN CALLAWAY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO. _____** |
| | * | |
| **JOSEPH SANDOVAL,** | * | |
| | * | |
| **Defendant.** | * | |

---

### NOTICE OF REMOVAL

---

TO THE CLERK OF COURT: PLEASE TAKE NOTICE THAT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY hereby removes to this Court the State Court action described below.

1.

On August 10, 2021, an action was commenced in the State Court of Muscogee County, State of Georgia, entitled *Cheyann Callaway v. Joseph Sandoval*, Civil Action File Number SC2021CV001049.

2.

State Farm Mutual Automobile Insurance Company was served with the Summons and Complaint as the putative uninsured / underinsured motorist carrier on August 24, 2021. As such, this Notice is timely and made within 30 days of the date of service upon State Farm.

3.

A copy of all process, pleadings, and orders served upon State Farm in the State Court action are attached hereto as Exhibit "A."

4.

This action is a civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 as a result of diversity jurisdiction and amount in controversy.

5.

Plaintiff is a Georgia resident with a home address of 1535 Forestside Drive, Columbus, Georgia 31907. Defendant Joseph Sandoval is an Alabama resident with a home address of 1310 Ingersoll Drive, Phenix City, Alabama 36867. State Farm Mutual Automobile Insurance Company is a foreign insurance company authorized to transact business in the Georgia. It is incorporated in Illinois, and its principal office address is One State Farm Plaza, Bloomington, Illinois 61710. There is complete diversity among the parties, and neither Defendant Sandoval nor State Farm Mutual Automobile Insurance Company is a resident of Georgia. Furthermore, the Plaintiff claims that she has incurred $45,481.51 in medical bills as a result of the accident, and she claims an additional $5,188.42 in lost wages. In addition to these special damages, Plaintiff is also claiming general damages for her past and future pain and suffering. Therefore, the jurisdictional requirement for the amount in controversy is satisfied.

6.

Given that the requirements of diversity jurisdiction are met, State Farm seeks removal to Federal Court.

WHEREFORE, State Farm prays that this action be removed to the United States District Court for the Middle District of Georgia, Columbus Division.

This 21st day of September, 2021.

HALL-BOOTH SMITH, P.C.

1301 1st Avenue, Suite 100
P.O. Box 2707
Columbus, GA  31902
P: 706-494-3818
F: 706-494-3828

MARK D. MAHOLICK
Georgia Bar Number 591633
mmaholick@hallboothsmith.com
BRYAN G. FORSYTH
Georgia Bar Number 316514
bforsyth@hallboothsmith.com
*Attorneys for State Farm*

UNITED STATES FEDERAL COURT
MIDDLE DISTRICT, STATE OF GEORGIA

| | | |
|---|---|---|
| **CHEYANN CALLAWAY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO. _____** |
| | * | |
| **JOSEPH SANDOVAL,** | * | |
| | * | |
| **Defendant.** | * | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing **NOTICE OF REMOVAL** upon all counsel listed below using the CM/ECF document filing system which will generate a Notice of Electronic Filing.

Brandon Snellings, Esq.
Gary O. Bruce, P.C.
912 Second Avenue
Columbus, GA 31901
brandon@garybrucelaw.net

Joseph Sandoval, *pro se*
1310 Ingersoll Drive
Phenix City, AL 36857

This 21st day of September, 2021.

**HALL BOOTH SMITH, P.C.**

MARK D. MAHOLICK
Georgia Bar Number 591633
mmaholick@hallboothsmith.com
BRYAN G. FORSYTH
Georgia Bar Number 316514
bforsyth@hallboothsmith.com
*Attorneys for State Farm*

1301 1st Avenue, Suite 100
P.O. Box 2707
Columbus, GA 31902
P: 706-494-3818
F: 706-494-3828

# EXHIBIT A

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO. SC2021CV001049** |
| | * | |
| JOSEPH SANDOVAL, | * | |
| | * | |
| **Defendant.** | * | |

## ANSWER AND DEFENSES OF
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

COMES NOW STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm") and files its Answer to Plaintiff's Complaint for Damages, reserving until a later date the decision as to whether or not to defend this action in its own name or in the name of the named Defendant, as allowed by the UM statutes of this State, as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to the Uninsured Motorist Statutes of the State of Georgia, and, therefore, State Farm moves to dismiss Plaintiff's Complaint as to State Farm.

### SECOND AFFIRMATIVE DEFENSE

State Farm raises all affirmative defenses contained in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and does not waive any such affirmative defenses.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff is a married person then State Farm moves this Court to require the addition of Plaintiff's spouse for purposes of any theoretical consortium claim Plaintiff's spouse may possess, or that alternatively, Plaintiff's spouse be required to waive any theoretical consortium claim.

## FOURTH AFFIRMATIVE DEFENSE

There is or may be sufficient liability insurance to preclude the application of any uninsured/underinsured motorist coverage afforded the Plaintiff by State Farm, and until such time as it is documented that there is insufficient liability coverage to warrant the application of said uninsured/underinsured motorist coverage, no relief should be afforded as to State Farm.

## FIFTH AFFIRMATIVE DEFENSE

State Farm has been served in this action based upon allegations that the Defendant is either an uninsured or underinsured motorist as defined by the uninsured / underinsured motorist laws of this state. In this connection, State Farm is without sufficient knowledge or information to form an opinion, at this time, as to the truth of those allegations, and therefore can neither admit nor deny that the Defendant is in fact an uninsured or underinsured motorist as defined by the uninsured / underinsured motorist laws of this state. Furthermore, at this time, State Farm does not admit, and reserves the right to challenge, the applicability of any of its coverage, and does not waive any of its rights to contest coverage, liability, or damages in this matter. Furthermore, State Farm demands strict adherence to the provisions of its insurance policy as a condition precedent to any potential UM coverage afforded to the Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

In response to the numbered allegations of the Plaintiff's Complaint, State Farm responds as follows:

## I. PARTIES, JURISDICTION AND VENUE

1.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 1 of the Plaintiff's Complaint.

2.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 2 of the Plaintiff's Complaint.

3.

Denied.

4.

Denied.

## II. **OPERATIVE FACTS**

5.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 5 of the Plaintiff's Complaint.

6.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 6 of the Plaintiff's Complaint.

7.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 7 of the Plaintiff's Complaint.

8.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 8 of the Plaintiff's Complaint.

9.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 9 of the Plaintiff's Complaint.

10.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 10 of the Plaintiff's Complaint.

### III. LIABILITY OF DEFENDANT AND DAMAGES SOUGHT

11.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 11, including subparagraphs, of the Plaintiff's Complaint.

12.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 12 of the Plaintiff's Complaint.

13.

State Farm lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph Number 13 of the Plaintiff's Complaint.

14.

State Farm hereby denies Plaintiff's wherefore/ad damnum clause.

15.

State Farm hereby denies each and every allegation contained in the Plaintiff's Complaint which has not been hereinbefore either expressly admitted, denied, or otherwise responded to.

16.

State Farm reserves the right to amend this Answer by the addition or deletion of additional defenses as discovery may deem appropriate.

WHEREFORE, State Farm having duly responded to the Plaintiff's Complaint hereby prays to be dismissed or, in the alternative, prays for a trial by jury and/or prays for this matter to be removed to Federal Court based on diversity of citizenship and the amount in controversy.

This 21st day of September, 2021.

**HALL BOOTH SMITH, P.C.**

MARK D. MAHOLICK
Georgia Bar Number 591633
mmaholick@hallboothsmith.com
BRYAN G. FORSYTH
Georgia Bar Number 316514
bforsyth@hallboothsmith.com
*Attorneys for State Farm*

1301 1st Avenue, Suite 100
P.O. Box 2707
Columbus, GA 31902
P: 706-494-3818
F: 706-494-3828

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **CHEYANN CALLAWAY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION FILE** |
| **v.** | * | **NO. SC2021CV001049** |
| | * | |
| **JOSEPH SANDOVAL,** | * | |
| | * | |
| **Defendant.** | * | |

---

## CERTIFICATE OF SERVICE

---

I HEREBY CERTIFY that I have served a copy of the above and foregoing **ANSWER AND DEFENSES OF STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** upon all counsel listed below by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon.

Brandon Snellings, Esq.
Gary O. Bruce, P.C.
912 Second Avenue
Columbus, GA 31901
brandon@garybrucelaw.net

Joseph Sandoval, *pro se*
1310 Ingersoll Drive
Phenix City, AL 36857

This 21st day of September, 2021.

**HALL BOOTH SMITH, P.C.**

MARK D. MAHOLICK
Georgia Bar Number 591633
mmaholick@hallboothsmith.com
BRYAN G. FORSYTH
Georgia Bar Number 316514
bforsyth@hallboothsmith.com
*Attorneys for State Farm*

1301 1st Avenue, Suite 100
P.O. Box 2707
Columbus, GA  31902
P: 706-494-3818
F: 706-494-3828

**General Civil and Domestic Relations Case Filing Information Form**

❄ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

☐ **Superior** or ☑ **State Court of** Muscogee _____ **County**   **SC2021CV001049**

| For Clerk Use Only | AUG 10, 2021 09:06 AM |
|---|---|
| **Date Filed** 08-10-2021 _____<br>**MM-DD-YYYY** | **Case Number** SC2021CV001049 _____  *Danielle F. Forte*<br>Danielle F. Forte, Clerk<br>Muscogee County, Georgia |

**Plaintiff(s)**

Callaway, Cheyann

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Defendant(s)**

Sandoval, Joseph

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |
| | | | | |
| **Last** | **First** | **Middle I.** | **Suffix** | **Prefix** |

**Plaintiff's Attorney** Snellings, J. Brandon _____   **Bar Number** 532402 _____   **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☑ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contract** |    ☐ **Non-payment of child support,** |
| ☐ **Contempt/Modification/Other** |    **medical support, or alimony** |
|    **Post-Judgment** | ☐ **Dissolution/Divorce/Separate** |
| ☐ **Garnishment** |    **Maintenance/Alimony** |
| ☐ **General Tort** | ☐ **Family Violence Petition** |
| ☐ **Habeas Corpus** | ☐ **Modification** |
| ☐ **Injunction/Mandamus/Other Writ** |    ☐ **Custody/Parenting Time/Visitation** |
| ☐ **Landlord/Tenant** | ☐ **Paternity/Legitimation** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – IV-D** |
| ☐ **Product Liability Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Real Property** | ☐ **Other Domestic Relations** |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**   **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

✤ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,   *
                    *
     Plaintiff,     *          CIVIL ACTION FILE NUMBER
                    *
v.                  *
                    *          _____
JOSEPH SANDOVAL,    *
                    *
     Defendant.     *

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, Plaintiff Cheyann Callaway who files this Complaint for Damages against Defendant Joseph Sandoval by showing this Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Cheyann Callaway submits to the jurisdiction and venue of this Court.

2.

Defendant Joseph Sandoval is a resident of Russell County, AL and may be served with legal process at his residence located at 1310 Ingersoll Drive, Phenix City, AL 36867.

3.

Jurisdiction is proper in this Court.

4.

Venue in this Court is proper.

### II. OPERATIVE FACTS

5.

On February 6, 2020, Defendant was driving West on 13th Street approaching 12th Ave.

in Columbus, Muscogee County, GA.

6.

At that same time, Plaintiff was traveling East on 13th Street near 12th Ave.

7.

Defendant turned left into Plaintiff's lane of travel colliding with Plaintiff.

8.

Defendant caused the subject collision.

9.

As a result of the collision, Plaintiff suffered severe and permanent bodily injuries, including, but not limited to, a fractured right arm requiring the surgical insertion of metal hardware.

10.

As a result of the collision, Plaintiff incurred medical expenses in the amount of $45,481.51 or more for medical treatment, including by not limited to, surgery performed on her fractured right arm.

### III. LIABILITY OF DEFENDANT AND DAMAGES SOUGHT

11.

Defendant is liable to Plaintiff for tortious acts and omissions, including but not limited to the following:

a) Negligently failing to yield;
b) Negligently making an improper left turn;
c) Negligently failing to keep a proper lookout ahead; and,
d) Other violations of the rules of the road which may also be negligence *per se* in violation of statute.

12.

Plaintiff's damages are the direct and proximate result of Defendant's negligent conduct.

13.

As a direct and proximate result of Defendant's negligent conduct, Plaintiff seeks a verdict for compensatory damages, including special damages for medical expenses in the amount of $45,481.51 or more, and lost wages in the amount of $5,188.42, as well as, general damages in an amount to be determined by the trier of fact.

**WHEREFORE,** Plaintiff prays for the following relief:

a) Summons issue requiring Defendant to be and appear as provided by law to answer Plaintiff's Complaint;
b) A jury trial be held;
c) Plaintiff have judgment for special and general damages to fully and completely compensate Plaintiff;
d) All costs be cast against Defendant; and
e) For such other and further relief as this Court shall deem just and appropriate.

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31901
Phone: (706) 596-1446
Fax: (706) 598-8627
Email: brandon@garybrucelaw.net
*Attorneys for Plaintiff*

J. Brandon Snellings
Georgia Bar No. 532402
Gary O. Bruce
Georgia Bar No. 090266
Kristen L. Campbell
Georgia Bar No. 443214

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY     *
         *
   Plaintiff,      *
         *   CIVIL ACTION FILE NUMBER
v.          *
         *
JOSEPH SANDOVAL     *
         *   _____
   Defendant.     *
         *

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval the following continuing interrogatories which are to be answered separately, under oath, in writing, and within the time required by law by serving a copy of said answers upon counsel for the plaintiff within forty-five (45) days after service:

### Definitions, Notes, and Instructions

A. As used herein "you", "your", and "Defendant" shall mean the Defendant, as well as: Defendant's counsel, agents, masters, servants, associates, employees, representatives, private investigators, insurers, and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

B. As used herein "physical evidence" and "document" shall mean each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

C.  If an entire interrogatory cannot be answered because the complete answer is not known, so state and answer the part known.  Similarly, if you allege a portion of an interrogatory objectionable, so state and answer to the extent that such interrogatory is not alleged objectionable.

D.  With regard to any alleged objections to an interrogatory, the objector shall state the reasons for the objections with the grounds for the objection being stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

E.  If you claim that any piece of physical evidence which you are requested to identify or any information you are requested to give in response to these interrogatories is protected by privilege (attorney-client, work product, or otherwise), or withheld for any reason whatsoever, please identify for each item of physical evidence by stating: the date the item was created; the type of item (letter, photo, receipt, chart, report, etc.); the creator/author of the item; each recipient and/or possessor of the item; general subject matter of the item; and the basis for your claim of privilege or for otherwise withholding such item of and/or information about physical evidence.

F.  Each of the following interrogatories shall be deemed continuing in the manner provided by law.  Defendant is requested (1) to seasonably supplement your responses if you, your agent, or your attorney, directly or indirectly, obtain further information relevant to the interrogatories propounded herein, and (2) to amend any prior response if you, your agent, or your attorney subsequently learn that although correctly made, the original response is no longer true and circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## INTERROGATORIES

1.  Please identify yourself by stating: your full legal name; any other names you are/have been known by (ex: nickname or maiden name); your date of birth; your current age; your current address; your address on February 6, 2020; your address on the date the Complaint of Damages in this matter was served; and the last four digits of your social security number.

2.  Please identify each relative by blood or marriage up to and through second cousins who reside in the county where this lawsuit has been filed and are eighteen (18) years of age or older by stating for each: full legal name; the relationship to you; current address; the elected government position each holds (if any); and where each is employed.

3.  Please identify your formal education by stating for each high school, college, university, seminar, technical / vocational school, professional course, and other education / training:

the name of each educating entity; address of each educating entity; title of course taken; degree or certification obtained; dates of attendance; and the date of completion.

4. Please identify your employment history for the previous five years by stating for each employer during that time: the employer's name; business address and location where you worked (if different); dates of employment; job title; reason for your change of employment (ex: fired/promoted); and your duties.

5. Please identify any current driver's license you possess, as well as, any license you possessed on February 6, 2020, by stating: the state issuing; license number; the class; the date obtained; and any restrictions, suspensions, or revocations.

6. Please identify your history with regard to all wrecks in which you were driving which occurred within ten years before or after your wreck occurring on February 6, 2020, by stating for each wreck: the date; the city, county, and state of occurrence; the responding law enforcement department; whether anyone was injured; and whether you made any insurance claim for any injuries sustained or if such a claim was made against you.

7. Please identify your criminal history with regard to each criminal offense (including all warnings, traffic/ordinance violations, arrests, and criminal charges of any kind) for which you were arrested, cited, or charged by stating for each: the date; the responsible law enforcement department; the city, county, and state of occurrence; the nature of each offense; the court of each legal proceeding; your plea; whether any transcript of the legal proceeding was made; and the final disposition of each offense. (Please note that this request does include any criminal offense arising from your wreck occurring on February 6, 2020.)

8. Please identify your legal proceeding history regarding each other legal proceeding you have been a party to by stating: the type of each proceeding (ex: bankruptcy, divorce, civil lawsuit); the subject matter of each proceeding; your role/position in each proceeding; the date each proceeding was initiated; the court of each proceeding; the county and state in which the legal proceeding was filed; the name and address of the other party(ies) to each proceeding; and the final disposition of each proceeding.

9. Please identify your cell/mobile/smart phone information for every such phone you possessed or used within one month before and after your wreck occurring on February 6, 2020, by stating the phone number, the company providing the phone service, the

name(s) the phone account is listed under, the billing address the account is listed under, and whether such phone was with you at the time of the wreck.

10. Please identify any person who witnessed the wreck on February 6, 2020 or arrived at the scene by stating for each person: full legal name; any other names each is/have been known by; date of birth; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

11. Please identify any person having any knowledge whatsoever about the event(s) described in the Complaint for Damages in this case by stating for each person: full legal name; any other names each is/have been known by (ex: nickname, maiden name); date of birth; current age; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

12. Please identify any person who you intend to call as an expert witness at the trial of this case by stating for each person: full legal name; name and address of his/her employer/organization; phone number; the field/subject matter he/she is to be offered as an expert; a summary of his/her qualifications within the alleged expert's field; the substance of the opinions to which he/she is expected to testify; and a summary of the grounds of each opinion to be given by the expert.

13. Please identify any liability insurance coverage which may be liable to satisfy part or all of any judgment which may be entered in the above-captioned case, or to indemnify or reimburse for payments made to satisfy such judgment by stating for each: the name of the company; the policy number; the policy limits of the liability coverage; and the named insured(s) under each policy.

14. Please state whether any insurance company has denied coverage or has agreed to defend this lawsuit under a reservation of rights, and, if so, please state the basis for which such coverage was denied or such reservation of rights was issued by the company.

15. Please identify any physical evidence (including any maps, pictures, diagrams, photographs, videotapes, drawings, depictions, measurements, visual aids, physical objects, recordings, or demonstrative material) of the wreck, the vehicles, the scene of the wreck, or the persons involved in the wreck, which is in your, your agents', or your attorneys' possession by stating for each: the type of item; the subject matter of the item;

the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

16. Please identify the owner(s) of the vehicle you were occupying during your wreck of February 6, 2020, by stating for each owner (whether person or business): the name of any registered title owner; the address of that owner; your relationship to that owner; the number of times that owner has allowed you to use the vehicle in the twelve (12) months prior to the wreck; how the driver came to possess the vehicle from that owner on the day of the wreck; and whether that owner knew of any offenses listed in your response to Interrogatory No. 6 above, if any, prior to this wreck.

17. Please identify the purpose of your driving during which your wreck occurred on February 6, 2020, by stating: the location and address of where you were driving from; the location and address of where you were driving to; and the reason you were driving from one location to the next.

18. Please state how the wreck at issue in this matter occurred including: the direction of the vehicles; whether you saw the plaintiff's vehicle prior to the collision; the lane in which each vehicle was traveling; and any action taken by you to avoid the collision.

19. Please identify whether you consumed any alcoholic beverages, prescription medication, or other drugs of whatever kind for twenty four (24) hours immediately preceding your wreck on February 6, 2020, by stating for each substance consumed: the type and quantity of the substance consumed; the location and address where the substance was consumed; the approximate time of consumption; and the name and address of any person present during the consumption.

20. Please identify whether you were on the job, working, or doing an errand for some other person/entity at the time of the wreck by stating: the full legal name of such person/entity; the address of such person/entity; the task/assignment being performed by you; the supervisor or individual that requested you perform such task/assignment; and the compensation or benefit provided in exchange for your performance.

21. Please identify any injuries you sustained in your wreck occurring on February 6, 2020, by stating for each: the area of your body injured; the name, business, and address of any

medical provider from whom you received treatment; and the date of your first and last treatment.

22. Please identify whether you believe any person or entity, other than yourself, contributed to causing your wreck occurring on February 6, 2020, by stating for each such person: full legal name; address; each act or omission by that person that you feel contributed to causing the wreck

23. Please identify whether you believe any weather/lighting condition or mechanical defect/malfunction contributed to causing your wreck occurring on February 6, 2020 by stating for each such contributor: the type condition, defect, or malfunction; when you first became aware of such; how such was discovered; how long such existed prior to the wreck; and how such contributed to causing the wreck.

24. Please identify every fact that supports each affirmative defense that you raise in the above-captioned matter.

25. Please identify all admissions you contend were made by stating with regard to each: the fact admitted; who admitted it; when the admission was made; and the identity and contact information of any witness to the admission.

26. Please identify all other tangible and/or documentary physical evidence not already stated in your responses to these interrogatories which are relevant to any facts, issues, or contentions pertaining to the subject matter of the above-captioned case, by stating for each: the type of item; the subject matter of the item; the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

27. Please verify your responses to these interrogatories.

Respectfully submitted this 10th day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

L. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CHEYANN CALLAWAY,

      Plaintiff,

v.

JOSEPH SANDOVAL,

      Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION FILE NUMBER

_____

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

COMES NOW, Cheyann Callaway, Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Underinsured Motorist Carrier **"State Farm Mutual Automobile Insurance Company"** as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Underinsured Motorist Carrier, as well as to the knowledge and information of Underinsured Motorist Carrier's attorneys, investigators, agents and other representatives. If Underinsured Motorist Carrier is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Underinsured Motorist Carrier, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes or statistical calculations.

2.     "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.     "**Occurrence**" refers to the collision made the basis of the Complaint.

4.     "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address and business telephone number of such person, and a description of each such person's connection with the events in question.

5.     "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was

prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## PRIVILEGE LOG

If you claim that any document which you are requested to identify, or any information you are requested to give, in these interrogatories, is protected by any privilege (attorney-client, work product doctrine, or otherwise), or withheld for any other reason whatsoever, please identify for each said document the following:

      (a)  Date the document was created (if known);

      (b)  Type of document (letter, memorandum, report, photograph, chart, etc.)

      (c)  Author of document;

      (d)  Recipient of the document (including all copy recipients);

      (e)  General subject matter of the document; and

      (f)  The basis for your claim of privilege or for otherwise withholding such said document.

## INTERROGATORIES

1.

Identify all persons who have investigated the subject collision or discussed the subject collision with Underinsured Motorist Carrier.

2.

State the following information concerning any and all liability insurance, or underinsured motorist insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to the Plaintiff for the claims made in

this lawsuit:

        a)      Name of each insurance company issuing policy;

        b)      Applicable liability limits concerning each policy;

        c)      Names of all persons insured under each policy; and

        d)      Policy number of each policy.

3.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

4.

Please state whether any of the above witnesses, as may have been provided in your response to Interrogatory No. 3 above, gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.). Also, identify the taker and present custodian of such statement(s).

5.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Underinsured Motorist Carrier or your attorneys.

6.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

   a)   Identify the subject matter of which he or she is expected to testify;

   b)   Identify the substance of the facts and opinions as to which he or she is expected to testify;

   c)   Summarize the grounds for such opinions; and

   d)   Identify all documents and professional references upon which such person may base his or her testimony and opinions.

7.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions.

8.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item, how many of such items exist (for example, 15 photographs), the name, address and employer of the person making or supplying such item, the identity of the person

who presently possesses such item.

9.

Please state whether or not an accident/incident report was made by you, as Underinsured Motorist Carrier, or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

10.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Request for Production of Documents to this Underinsured Motorist Carrier.

11.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the response(s) and/or contention(s) which it supports or to which it otherwise relates.

12.

Please detail the factual and legal basis for each defense pled in your Answer.

Respectfully submitted this _10_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NUMBER |
| v. | * | |
| | * | |
| JOSEPH SANDOVAL, | * | _____ |
| | * | |
| Defendant. | * | |

---

### NOTICE OF UNINSURED/UNDERINSURED MOTORIST CLAIM

---

TO:   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
Through its Registered Agent:
Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

You are hereby notified that Defendant in the above stated action is an uninsured/underinsured motorist as defined by the laws of the State of Georgia and, in the event Plaintiff obtains a judgment against Defendant, Plaintiff will seek to collect the judgment from State Farm Mutual Automobile Insurance Company under the uninsured/underinsured motorist provisions of all applicable policies, including but not limited to policies, 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311A. The declaration page(s) for these policies is attached hereto as Exhibit "A".

Respectfully submitted this ___10___ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail:  brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

 **State Farm®**

# Confirmation of Coverage

<u>11-C881-4L4</u>
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____
(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 913859011, covering a(n) 1988 Ford E150, 1FDKE30G1JHB78698, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

A       Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit
B       Property Damage Liability
C       Medical Payments Coverage
D       Comprehensive Coverage
F       Funeral Expense
G       Collision
H       Emergency Road Service
L       Physical Damage
M       Coverage Package
N       Personal Property Protection
P       Personal Injury Protection
R       Rental Coverage
S       Death
U       Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
U       Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UE      Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UNOC    Use of Non Owned Cars
W       Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
Z       Loss of Earnings

**This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.**

Zika Okafor
Claim Team Manager

Page 1 of 1
4/11/2017

 **StateFarm®**

# Confirmation of Coverage

<u>11-C881-4L4</u>
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 919427711C, covering a(n) 2007 Chrysler 300  Touring, 2C3KA53G67H692674, was issued to
Callaway, Cheyann & Brooks, Mary and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for
this policy on that date were:

A 25/50/25,D500,G500,H,R1 80%/1000,U 25/50/25

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

**This document is issued as a matter of information only and confers no rights upon the document holder. This document
does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies
referenced herein.**

_Claim Team Manager signature_
Claim Team Manager

 **StateFarm®**                     **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 936939411B, covering a(n) 2013 Chevrolet Impala, 2G1WC5E32D1109404, was issued to Brooks, Mary W & Williams, Michael and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 1,000,D500,G500,H,R1 80%/500,U 25/50/25

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

**This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.**

_Zika CWafa_
Claim Team Manager

Page 1 of 1
4/11/2017

 **StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848511B, covering a(n) 2013 Mazda Mazda 3, JM1BL1TF8D1709670, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| **A** | Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| **B** | Property Damage Liability |
| **C** | Medical Payments Coverage |
| **D** | Comprehensive Coverage |
| **F** | Funeral Expense |
| **G** | Collision |
| **H** | Emergency Road Service |
| **L** | Physical Damage |
| **M** | Coverage Package |
| **N** | Personal Property Protection |
| **P** | Personal Injury Protection |
| **R** | Rental Coverage |
| **S** | Death |
| **U** | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| **U** | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| **UE** | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| **UNOC** | Use of Non Owned Cars |
| **W** | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| **Z** | Loss of Earnings |

**This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.**

_Rita C. Vega_

Claim Team Manager

 **StateFarm**·          **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write In the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848411C, covering a(n) 2015 Mercedes C300, 55SWF4JB3FU067913, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| **A** | Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| **B** | Property Damage Liability |
| **C** | Medical Payments Coverage |
| **D** | Comprehensive Coverage |
| **F** | Funeral Expense |
| **G** | Collision |
| **H** | Emergency Road Service |
| **L** | Physical Damage |
| **M** | Coverage Package |
| **N** | Personal Property Protection |
| **P** | Personal Injury Protection |
| **R** | Rental Coverage |
| **S** | Death |
| **U** | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| **U** | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| **UE** | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| **UNOC** | Use of Non Owned Cars |
| **W** | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| **Z** | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zila (Kafu_

Claim Team Manager

 **StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____
   (Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 963163611, covering a(n) 2019 Quality CA 5X8SA, 50ZZ1151XKN010465, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

D250,G250

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

**This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.**

_Zita Okafu_
Claim Team Manager

 **StateFarm®**                **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848311A, covering a(n) 2006 Chevrolet K1500, 1GCEK19Z06Z273015, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

**This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.**

Claim Team Manager

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NUMBER |
| v. | * | |
| | * | |
| JOSEPH SANDOVAL, | * | _____ |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW, Cheyann Callaway, Plaintiff in the above-captioned case, and serves upon Defendant, Joseph T. Sandoval, these requests for production of documents requiring defendant to produce and permit plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents, or at any other date convenient to counsel for all parties, and continuing for day to day thereafter until inspection, copying, and related acts are completed by plaintiff.

### Definitions, Notes, and Instructions

A. In the alternative, defendant may provide a true and accurate copy of the requested documents within forty-five (45) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

B. The Definitions, Notes, and Instructions depicted in plaintiff's interrogatories directed to this defendant are incorporated by reference and apply to the requested documents and physical

evidence sought herein, specifically including those definitions of "you", "your", and "Defendant", as well as, "physical evidence".

C. Again, as used herein "document" and "physical evidence" shall mean: each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

D. These Requests for Production of Documents are continuing in nature. Pursuant to O.C.G.A. §9-11-26, you are required to amend and supplement your responses promptly should you acquire any additional information or documentation, make any assumptions or contentions, or reach any conclusions or opinions different from those encompassed within your responses to these requests, and to the full extend that your responses are affected.

E. These requests include documents and physical evidence in the possession, custody, or control of you, as well as: your agents; masters; servants; associates; employees; private investigators; insurers; representatives; any others who are or have been in possession of, or obtained information on your behalf; and unless privileged, your attorneys.

F. These requests are intended to cover any document or physical evidence for the time period of the present going back five (5) years from the date of the filed Complaint in the above-captioned matter, unless otherwise specified in particular document request.

G. All documents and physical evidence produced pursuant to these requests shall be: organized and labeled to correspond to the separate numbered request; or produced as they were kept in the usual course of business, if they were so kept.

H. With regard to any audio, video, photographic, or digital physical evidence produced pursuant to these requests, please produce copies of both the original media format, as well as, any print outs, screenshots, negatives, color copies, transcripts, still frames, or other media variations. (For example, if a statement of plaintiff was recorded by audio, please produce a copy of both the audio recording, as well as, a written transcript of the recording.) With regard to the above described media, a digital copy either placed onto a CD is acceptable.

I.  If defendant has possession, custody, or control of the originals of documents requested, then the originals and all non-identical copies shall be produced; if defendant does not have in possession, custody, or control the originals of the documents requested, then an identical copy or each original and any and all non-identical copies of each original shall be produced.

J.  In the event that any request is objected to as to form or substance, such is to be specifically stated to include all reasons therefore with explanation as to how the request is alleged to be objectionable.

K.  If the production of any document or physical evidence is withheld pursuant to an objection of privilege, defendant is required to provide, in lieu of production a "privilege log" with the following identifying information on each document: title; date created; author/creator; addressee; all copy addresses; a brief description of the document with sufficient specificity to identify its subject matter; the form of the document and any attachments; the present location of the document; and a statement of the factual and legal basis on which the privilege is claimed in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## REQUESTS
### Background Information

1. Please produce a copy of each and every driver's license identified by you in response to Interrogatory No. 5 [Driver's License Identification].

2. Please produce a copy of your driving record for the past seven (7) years.  In lieu of providing this document, you may sign the attached authorization so that plaintiff may obtain this information directly from the Department of Driver Services.

3. Please produce a copy of each and every document related to or relied upon by you in identifying driving history in response to Interrogatory No. 6 [Driving History Identification].

4. Please produce a copy of each and every traffic citation, and the disposition thereof, you have received in the last five (5) years, together with copies of each and every document you have received from any municipal, county, state, federal regulatory, or licensing agency, which relates in any way to your driving record and the privilege to operate motor vehicle at any time on public highways.

5. Please produce a copy of each and every criminal arrest or charge, and the disposition thereof, you have received in the last ten (10) years, together with copies of each and every document you have received from any municipal, county, state, or federal entity which in any way relates to your arrests, charges, and the disposition thereof identified in response to Interrogatory No. 7 [Criminal History Identification].

6. Please produce a copy of each and every document related to or relied upon by you in identifying your legal proceeding history in response to Interrogatory No. 8 [Legal Proceeding Identification].

7. Please produce a copy of each and every document (such as a bill, log, or report) related to or relied upon by you in identifying your cell/mobile/smart phone information in response to Interrogatory No. 9 [Phone Identification].

### Witnesses

8. Please produce a copy of each and every statement of any party, as well as, each witness identified in your response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement.

9. Please produce a copy of each and every document or report completed or made by each expert identified in response to Interrogatory No. 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement including bills.

10. Please produce a copy of each and every document or physical evidence you provided to or was relied upon by any expert identified in your response to Interrogatory No. 12 [Expert Witness], whether such is written, recorded, or a memorandum or notation of an oral statement.

**Miscellaneous**

11. Please produce a copy of each and every document policy of liability insurance coverage identified in your response to Interrogatory No. 13 [Insurance Policies], including for each policy: the entire policy with endorsements, addendums, or other attachments; the insurance binder; and the declarations page.

12. Please produce a copy of each and every document related to or relied upon by you in identifying any reservation of rights in your response to Interrogatory No. 14 [Reservation of Rights], specifically including but not limited to: any reservation of rights letter; any application for insurance coverage; any denial of insurance coverage; any receipts for insurance premiums; any notices of cancellation, termination, or delinquency; any communication or correspondence between you and the insurer; and any communication between you and your insurance agent.

13. Please produce a copy of each and every document which reflects, records, or evidences, in whole or in part, the scene/roadway of your wreck which is the subject matter of this lawsuit.

14. Please produce a copy of each and every document related to or relied upon by you in identifying the vehicle ownership in response to Interrogatory No. 16 [Vehicle Ownership], specifically including but not limited to: title, registration, and tag receipt of the vehicle.

15. Please produce a copy of each and every document exchanged between your insurer and every: plaintiff; defendant; insurer of the vehicle plaintiff occupied at the time of the wreck; and witness identified in response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses].

16. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the plaintiff, specifically including but not limited to:

plaintiff's ability to work; plaintiff's injuries; plaintiff's physical condition; plaintiff's activities; plaintiff's employment; plaintiff's medical bills; plaintiff's income; plaintiff's driving history/record; plaintiff's insurance/claims history; plaintiff's legal proceeding history; plaintiff's criminal history; plaintiff's medical history; and any surveillance of plaintiff.

17. Please produce a copy of each and every third-party claim for reimbursement by any entity or organization who claims an interest in the proceeds of any settlements for the incident which is the subject matter of this lawsuit.

### The Wreck

18. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation by a governmental agency relating to your wreck which is the subject matter of this lawsuit.

19. Please produce a copy of each and every document related to or relied upon by you in identifying any alcohol or drug in your response to Interrogatory No. 19 [Consumption Information], specifically including but not limited to every: receipt; label; bill; dosage instruction; and photo taken at the location and time of consumption.

20. Please produce a copy of each and every document related to or relied upon by you in indentifying your job status in your response to Interrogatory No. 20 [Job Status Identification], specifically including but not limited to every: worker's compensation document; driver's log; payment; benefit; reimbursement; job order; job instruction; receipt; and compensation.

21. Please produce a copy of each and every document related to or relied upon by you in identifying any weather condition or mechanical defect contributing to this wreck in response

to Interrogatory No. 23 [Weather/Mechanical Defect Identification], specifically including any maintenance, equipment, and repair records of any type concerning the vehicle you occupied at the time of the collision.

22. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the property damage to the vehicles involved in your wreck which is the subject matter of this lawsuit, specifically including but not limited to: estimates, inspections, appraisals, photographs, reports, repairs, and invoices.

### Defenses

23. Please produce a copy of each and every document related to or relied upon by you in identifying each fact supporting an affirmative defense in your response to Interrogatory No. 24 [Affirmative Defense Facts].

24. Please produce a copy of each and every document related to or relied upon by you in denying the facts contained in the requests for admission directed to you in this matter.

25. Please produce a copy of each and every document related to or relied upon by you in indentifying any admissions in your response to Interrogatory No. 26 [Admissions Identification].

26. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation conducted by you in the usual and ordinary course of business relating to your wreck which is the subject matter of this lawsuit.

27. Please produce a copy of each and every document related to, relied on by, or identified by you in your responses to the interrogatories directed to you in this matter.

28. Please produce copies of all documents, physical evidence, electronically-stored information, and tangible things supporting your claim or defenses in this matter, specifically including any which may be used for the purpose of impeachment at trial.

Respectfully submitted this ___10th___ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

L. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*



**Georgia Department of Driver Services**
Customer Service, Licensing and Records Division
P.O. Box 80447
Conyers, Georgia 30013

### REQUEST FOR MOTOR VEHICLE REPORT (MVR)

☐ **I am requesting my own Georgia MVR.** (Complete Sections 1, 3, and 4)

☐ **I am requesting a Georgia MVR of another individual.** (Complete Sections 1, 2, 3, and 4)

## PLEASE PRINT LEGIBLY

| SECTION 1 – DRIVER INFORMATION (must exactly match driving record) | | |
|---|---|---|
| **Full Name** (First, Middle, Last) | | |
| **Driver Date of Birth** (MM/DD/YY) | | **Driver's License Number** |

| SECTION 2 – THIRD PARTY REQUESTOR INFORMATION | |
|---|---|
| **Full Name** (First, Middle, Last) | |
| **Firm Name** (if applicable) | |
| **Address** | |
| FOR DEPARTMENTAL USE ONLY | |

**SECTION 3 – TERM OF REQUEST**

Please choose one of the following options:

☐ **Three (3) year Georgia MVR ($6.00 fee)**

☐ **Seven (7) year Georgia MVR ($8.00 fee)**

☐ **Lifetime Georgia MVR ($8.00 fee)**

If you are requesting a Georgia MVR by mail, please include a business sized self-addressed stamped envelope along with this request and the required payment amount. By mail, we accept personal checks, cashier's checks, money orders, and company checks.

| SECTION 4 – AUTHORIZATION TO RELEASE RECORD OF DRIVER | |
|---|---|
| **Under penalty of law, I hereby** (Please check one) | ☐ request release of my driving record; OR ☐ consent to release of my driving record to the person and/or entity named in Section 2, in accordance with O.C.G.A. §40-5-2. |
| **Signature of Driver** | **Date** (MM-DD-YY) |

DDS-18 (11/14)

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                     *
          Plaintiff,                 *
                                     *
v.                                   *
                                     *
JOSEPH SANDOVAL,                     *          CIVIL ACTION FILE NUMBER
                                     *
          Defendant.                 *          _____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO UM CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

In compliance with O.C.G.A. §9-11-34, "State Farm Mutual Automobile Insurance Company", the uninsured motorist carrier in connection with the above-styled civil action, is required to produce and permit plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00 am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents and continuing from day to day thereafter until inspection, copying and related acts are completed by plaintiff.

State Farm Insurance Company is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on State Farm Insurance Company are incorporated by reference and apply to the requested documents.

In the alternative, State Farm Insurance Company may provide a true and accurate copy

of the requested documents within forty-fifth (45th) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, State Farm Insurance Company is required to provide, in lieu of production, the following identifying information on each such document; a) title; b) date; c) author; d) addressee; e) all copy addresses; f) a brief description of the document with sufficient specificity to reveal its subject matter; g) the form of the document and any attachments; h) the present location of the document; I) the identity of the person or persons who have custody, control, or possession of the document; and j) a statement of the basis on which the privilege is claimed.

1.

Produce copies of any statements, including notes taken during telephone or in person interviews, obtained by the uninsured or underinsured motorist carrier from any witnesses or any other individual (including but not limited to plaintiff(s) and defendant) pertaining to the collision which is the subject matter of this lawsuit.

2.

Produce copies of any photograph, videotape, or other reproduction in the possession of this insurance carrier, its attorney, or any agent or investigator, relating to: (1) the scene of the collision involving defendant and plaintiff which occurred on February 6, 2020; (2) the vehicles involved in this collision; and (3) the parties.

3.

Provide copies of all documents (photographs, moving pictures, or other tangible

evidence) which records, reflects, or otherwise evidences, in whole or in part, the damage to all vehicles in the collision which occurred on February 6, 2020, including but not limited to photographs of the vehicles, estimates and inspection reports, and repair invoices for parts and labor which relate to any malfunction or repair of the vehicle(s).

4.

Please produce a complete and certified copy of all policies of automobile insurance (to include the declarations pages) which do or may afford uninsured or underinsured motorist insurance coverage to the plaintiff or any resident relative of its household as of February 6, 2020 which is the date of the subject collision. This Request includes primary insurance coverage, excess insurance coverage, or any other type of automobile insurance coverage.

5.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

6.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to plaintiff(s).

7.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, police reports, police investigations, accident reports, and any other investigations of any kind conducted by a governmental agency of any kind relating to the collision which occurred on February 6, 2020.

8.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to the collision which occurred on February 6, 2020.

9.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the collision which occurred on February 6, 2020 between vehicles driven by plaintiff and defendant.

10.

Produce all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to injuries suffered by defendant as a result of the collision which occurred on February 6, 2020.

11.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any photographs, videotapes and surveillance of any kind which document the physical abilities and activities of the plaintiff.

12.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any claim defendant has made for damages arising from the collision which is the subject of this action.

13.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any communications of any kind with plaintiff.

14.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, plaintiff's ability to work including employment applications, lost time records, and any documents of any kind from plaintiff's employer(s).

Respectfully submitted this _10_ day of August, 2021.

GARY O. BRUCE, P.C.
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NUMBER |
| v. | * | |
| | * | |
| JOSEPH SANDOVAL, | * | |
| | * | |
| Defendant. | * | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval, the following requests for admission requiring Defendant to admit the truth of the separately listed matters of fact, and the genuineness of any attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing. Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

### REQUESTS

1. Please admit this Court has jurisdiction over this matter and Defendant.

2. Please admit this Court is the proper venue for this matter.

3. Please admit Defendant has been properly served with process in this matter.

4. Please admit Defendant has been properly named in this matter.

5. Please admit a collision occurred between Plaintiff and Defendant on February 6, 2020.

6. Please admit Defendant caused the subject collision.

7. Please admit Defendant was negligent in causing the subject collision.

8. Please admit Plaintiff did not cause the subject collision.

9. Please admit you do not contend Plaintiff negligently contributed to causing the subject collision.

10. Please admit the subject collision was not caused by any individual or entity other than Defendant.

11. Please admit your vehicle had no mechanical defect or failure contributing to causing the subject collision.

12. Please admit no defects in the road or traffic control devices contributing to causing the subject collision.

13. Please admit Plaintiff was injured in the subject collision.

Respectfully submitted this _10ᵗʰ_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NUMBER |
| v. | * | |
| | * | |
| JOSEPH SANDOVAL, | * | |
| | * | |
| Defendant. | * | |

---

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

In compliance with O.C.G.A. §9-11-36, the Underinsured Motorist Carrier **State Farm Mutual Automobile Insurance Company** is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, the UM carrier is required to respond to this request in writing.

1. Please admit Defendant Sandoval caused this loss.

2. Please admit you do not contend Plaintiff caused this loss.

3. Please admit you possessed a copy of the Georgia Motor Vehicle Crash Report for this loss prior to this litigation.

4. Please admit the Georgia Motor Vehicle Crash Report identifies Defendant Sandoval as contributing to the wreck, and identifies Plaintiff with no contribution to the wreck.

5. Please admit Plaintiff was injured in this loss.

6. Please admit you have been properly served within the statute of limitations for this loss.

7. Please admit you are subject to the jurisdiction and venue of this Court.

8. Please admit you issued policy numbers 913859011, 919427711C, 936939411B,

775848511B, 775848411C, 963163611, and 775848311which were in effect at the time of this loss.

9. Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311covered the vehicle occupied by Plaintiff during this loss.

10. Please admit Plaintiff's occupation of the covered vehicle during this loss qualified her as an insured under your policy.

11. Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311includes uninsured motorist coverage.

12. Please admit uninsured motorist coverage is available to Plaintiff for this loss through your company.

13. Please admit Plaintiff provided you reasonable notice of this loss prior to this litigation.

14. Please admit prior to this litigation you did not identify to Plaintiff any coverage defense.

15. Please admit prior to this litigation you did not identify to Plaintiff any policy exclusion.

16. Please admit prior to this litigation you never provided Plaintiff any reservation of rights.

17. Please admit prior to this litigation you never denied coverage to Plaintiff for this loss.

Respectfully submitted this _10_ day of August 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

# STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER   SC2021CV001049

Callaway, Cheyann

**PLAINTIFF**

**VS.**

Sandoval, Joseph

**DEFENDANT**

### SUMMONS

TO: SANDOVAL, JOSEPH

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **J. Brandon Snellings**
> **Gary O. Bruce, P.C.**
> **912 Second Avenue**
> **Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 10th day of August, 2021.**

Clerk of State Court

*Danielle F. Forté*

Danielle F. Forté, Clerk
Muscogee County, Georgia

Page 1 of 1

# STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

✦ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

**AUG 10, 2021 09:06 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2021CV001049</u>

Callaway, Cheyann

**PLAINTIFF**

**VS.**

Sandoval, Joseph

**DEFENDANT**

### SUMMONS

TO: STATE FARM AUTOMOBILE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **J. Brandon Snellings**
> **Gary O. Bruce, P.C.**
> **912 Second Avenue**
> **Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 10th day of August, 2021.**

Clerk of State Court

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                      *
         Plaintiff,                   *
                                      *    CIVIL ACTION FILE NUMBER
v.                                    *
                                      *    _____
JOSEPH SANDOVAL,                      *
                                      *
         Defendant.                   *

---

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

In compliance with O.C.G.A. §9-11-36, the Underinsured Motorist Carrier **State Farm Mutual Automobile Insurance Company** is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, the UM carrier is required to respond to this request in writing.

1. Please admit Defendant Sandoval caused this loss.

2. Please admit you do not contend Plaintiff caused this loss.

3. Please admit you possessed a copy of the Georgia Motor Vehicle Crash Report for this loss prior to this litigation.

4. Please admit the Georgia Motor Vehicle Crash Report identifies Defendant Sandoval as contributing to the wreck, and identifies Plaintiff with no contribution to the wreck.

5. Please admit Plaintiff was injured in this loss.

6. Please admit you have been properly served within the statute of limitations for this loss.

7. Please admit you are subject to the jurisdiction and venue of this Court.

8. Please admit you issued policy numbers 913859011, 919427711C, 936939411B,

775848511B, 775848411C, 963163611, and 775848311which were in effect at the time of this loss.

9.  Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311covered the vehicle occupied by Plaintiff during this loss.

10. Please admit Plaintiff's occupation of the covered vehicle during this loss qualified her as an insured under your policy.

11. Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311includes uninsured motorist coverage.

12. Please admit uninsured motorist coverage is available to Plaintiff for this loss through your company.

13. Please admit Plaintiff provided you reasonable notice of this loss prior to this litigation.

14. Please admit prior to this litigation you did not identify to Plaintiff any coverage defense.

15. Please admit prior to this litigation you did not identify to Plaintiff any policy exclusion.

16. Please admit prior to this litigation you never provided Plaintiff any reservation of rights.

17. Please admit prior to this litigation you never denied coverage to Plaintiff for this loss.


Respectfully submitted this _10_ day of August 2021.


**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,          *
                          *
        Plaintiff,         *
                          *          CIVIL ACTION FILE NUMBER
v.                        *
                          *
JOSEPH SANDOVAL,          *          _____
                          *
        Defendant.         *

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

COMES NOW, Cheyann Callaway, Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Underinsured Motorist Carrier **"State Farm Mutual Automobile Insurance Company"** as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Underinsured Motorist Carrier, as well as to the knowledge and information of Underinsured Motorist Carrier's attorneys, investigators, agents and other representatives. If Underinsured Motorist Carrier is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Underinsured Motorist Carrier, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes or statistical calculations.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.  "**Occurrence**" refers to the collision made the basis of the Complaint.

4.  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address and business telephone number of such person, and a description of each such person's connection with the events in question.

5.  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was

prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## PRIVILEGE LOG

If you claim that any document which you are requested to identify, or any information you are requested to give, in these interrogatories, is protected by any privilege (attorney-client, work product doctrine, or otherwise), or withheld for any other reason whatsoever, please identify for each said document the following:

(a) Date the document was created (if known);

(b) Type of document (letter, memorandum, report, photograph, chart, etc.)

(c) Author of document;

(d) Recipient of the document (including all copy recipients);

(e) General subject matter of the document; and

(f) The basis for your claim of privilege or for otherwise withholding such said document.

## INTERROGATORIES

### 1.

Identify all persons who have investigated the subject collision or discussed the subject collision with Underinsured Motorist Carrier.

### 2.

State the following information concerning any and all liability insurance, or underinsured motorist insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to the Plaintiff for the claims made in

this lawsuit:

    a)      Name of each insurance company issuing policy;

    b)      Applicable liability limits concerning each policy;

    c)      Names of all persons insured under each policy; and

    d)      Policy number of each policy.

3.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

4.

Please state whether any of the above witnesses, as may have been provided in your response to Interrogatory No. 3 above, gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.). Also, identify the taker and present custodian of such statement(s).

5.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Underinsured Motorist Carrier or your attorneys.

6.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

    a)    Identify the subject matter of which he or she is expected to testify;

    b)    Identify the substance of the facts and opinions as to which he or she is expected to testify;

    c)    Summarize the grounds for such opinions; and

    d)    Identify all documents and professional references upon which such person may base his or her testimony and opinions.

7.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions.

8.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item, how many of such items exist (for example, 15 photographs), the name, address and employer of the person making or supplying such item, the identity of the person

who presently possesses such item.

9.

Please state whether or not an accident/incident report was made by you, as Underinsured Motorist Carrier, or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

10.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Request for Production of Documents to this Underinsured Motorist Carrier.

11.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the response(s) and/or contention(s) which it supports or to which it otherwise relates.

12.

Please detail the factual and legal basis for each defense pled in your Answer.

Respectfully submitted this _10__ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

🔥 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *
                                     *
JOSEPH SANDOVAL,                     *          CIVIL ACTION FILE NUMBER
                                     *
        Defendant.                   *          _____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO UM CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

In compliance with O.C.G.A. §9-11-34, "State Farm Mutual Automobile Insurance Company", the uninsured motorist carrier in connection with the above-styled civil action, is required to produce and permit plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00 am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents and continuing from day to day thereafter until inspection, copying and related acts are completed by plaintiff.

State Farm Insurance Company is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on State Farm Insurance Company are incorporated by reference and apply to the requested documents.

In the alternative, State Farm Insurance Company may provide a true and accurate copy

of the requested documents within forty-fifth (45th) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, State Farm Insurance Company is required to provide, in lieu of production, the following identifying information on each such document; a) title; b) date; c) author; d) addressee; e) all copy addresses; f) a brief description of the document with sufficient specificity to reveal its subject matter; g) the form of the document and any attachments; h) the present location of the document; I) the identity of the person or persons who have custody, control, or possession of the document; and j) a statement of the basis on which the privilege is claimed.

1.

Produce copies of any statements, including notes taken during telephone or in person interviews, obtained by the uninsured or underinsured motorist carrier from any witnesses or any other individual (including but not limited to plaintiff(s) and defendant) pertaining to the collision which is the subject matter of this lawsuit.

2.

Produce copies of any photograph, videotape, or other reproduction in the possession of this insurance carrier, its attorney, or any agent or investigator, relating to: (1) the scene of the collision involving defendant and plaintiff which occurred on February 6, 2020; (2) the vehicles involved in this collision; and (3) the parties.

3.

Provide copies of all documents (photographs, moving pictures, or other tangible

evidence) which records, reflects, or otherwise evidences, in whole or in part, the damage to all vehicles in the collision which occurred on February 6, 2020, including but not limited to photographs of the vehicles, estimates and inspection reports, and repair invoices for parts and labor which relate to any malfunction or repair of the vehicle(s).

4.

Please produce a complete and certified copy of all policies of automobile insurance (to include the declarations pages) which do or may afford uninsured or underinsured motorist insurance coverage to the plaintiff or any resident relative of its household as of February 6, 2020 which is the date of the subject collision.  This Request includes primary insurance coverage, excess insurance coverage, or any other type of automobile insurance coverage.

5.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

6.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to plaintiff(s).

7.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, police reports, police investigations, accident reports, and any other investigations of any kind conducted by a governmental agency of any kind relating to the collision which occurred on February 6, 2020.

8.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to the collision which occurred on February 6, 2020.

9.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the collision which occurred on February 6, 2020 between vehicles driven by plaintiff and defendant.

10.

Produce all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to injuries suffered by defendant as a result of the collision which occurred on February 6, 2020.

11.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any photographs, videotapes and surveillance of any kind which document the physical abilities and activities of the plaintiff.

12.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any claim defendant has made for damages arising from the collision which is the subject of this action.

13.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any communications of any kind with plaintiff.

14.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, plaintiff's ability to work including employment applications, lost time records, and any documents of any kind from plaintiff's employer(s).

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*



## Notice of Service of Process

null / ALL
**Transmittal Number: 23675327**
**Date Processed: 08/24/2021**

| Primary Contact: | State Farm Enterprise SOP |
| --- | --- |
| | Corporation Service Company- Wilmington, DELAWARE |
| | 251 Little Falls Dr |
| | Wilmington, DE 19808-1674 |

| Entity: | State Farm Mutual Automobile Insurance Company |
| --- | --- |
| | Entity ID Number  3461675 |
| Entity Served: | State Farm Mutual Automobile Insurance Company |
| Title of Action: | Cheyann Callaway vs. Joseph Sandoval |
| Matter Name/ID: | Cheyann Callaway vs. Joseph Sandoval (11510253) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Muscogee County State Court, GA |
| Case/Reference No: | SC2021CV001049 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 08/24/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gary O. Bruce, P.C. |
| | 706-596-1446 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# STATE COURT OF MUSCOGEE COUNTY
# STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER   SC2021CV001049

Callaway, Cheyann

_____

**PLAINTIFF**

                              **VS.**

Sandoval, Joseph

_____

**DEFENDANT**

## SUMMONS

TO: STATE FARM AUTOMOBILE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**J. Brandon Snellings**
**Gary O. Bruce, P.C.**
**912 Second Avenue**
**Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 10th day of August, 2021.**

                              Clerk of State Court


                              _____
                              *Danielle F. Forté*
                              Danielle F. Forté, Clerk
                              Muscogee County, Georgia

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    ＊
                                     ＊
            Plaintiff,               ＊
                                     ＊        CIVIL ACTION FILE NUMBER
v.                                   ＊
                                     ＊        _____
JOSEPH SANDOVAL,                     ＊
                                     ＊
            Defendant.               ＊

---

### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval, the following requests for admission requiring Defendant to admit the truth of the separately listed matters of fact, and the genuineness of any attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing. Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

### REQUESTS

1. Please admit this Court has jurisdiction over this matter and Defendant.

2. Please admit this Court is the proper venue for this matter.

3. Please admit Defendant has been properly served with process in this matter.

4. Please admit Defendant has been properly named in this matter.

5. Please admit a collision occurred between Plaintiff and Defendant on February 6, 2020.

6.  Please admit Defendant caused the subject collision.

7.  Please admit Defendant was negligent in causing the subject collision.

8.  Please admit Plaintiff did not cause the subject collision.

9.  Please admit you do not contend Plaintiff negligently contributed to causing the subject collision.

10. Please admit the subject collision was not caused by any individual or entity other than Defendant.

11. Please admit your vehicle had no mechanical defect or failure contributing to causing the subject collision.

12. Please admit no defects in the road or traffic control devices contributing to causing the subject collision.

13. Please admit Plaintiff was injured in the subject collision.

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail:  brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NUMBER |
| v. | * | |
| | * | |
| JOSEPH SANDOVAL, | * | _____ |
| | * | |
| Defendant. | * | |

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

COMES NOW, Cheyann Callaway, Plaintiff in the above-captioned case, and serves upon Defendant, Joseph T. Sandoval, these requests for production of documents requiring defendant to produce and permit plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents, or at any other date convenient to counsel for all parties, and continuing for day to day thereafter until inspection, copying, and related acts are completed by plaintiff.

### Definitions, Notes, and Instructions

A. In the alternative, defendant may provide a true and accurate copy of the requested documents within forty-five (45) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

B. The Definitions, Notes, and Instructions depicted in plaintiff's interrogatories directed to this defendant are incorporated by reference and apply to the requested documents and physical

evidence sought herein, specifically including those definitions of "you", "your", and "Defendant", as well as, "physical evidence".

C. Again, as used herein "document" and "physical evidence" shall mean: each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

D. These Requests for Production of Documents are continuing in nature. Pursuant to O.C.G.A. §9-11-26, you are required to amend and supplement your responses promptly should you acquire any additional information or documentation, make any assumptions or contentions, or reach any conclusions or opinions different from those encompassed within your responses to these requests, and to the full extend that your responses are affected.

E. These requests include documents and physical evidence in the possession, custody, or control of you, as well as: your agents; masters; servants; associates; employees; private investigators; insurers; representatives; any others who are or have been in possession of, or obtained information on your behalf; and unless privileged, your attorneys.

F. These requests are intended to cover any document or physical evidence for the time period of the present going back five (5) years from the date of the filed Complaint in the above-captioned matter, unless otherwise specified in particular document request.

G. All documents and physical evidence produced pursuant to these requests shall be: organized and labeled to correspond to the separate numbered request; or produced as they were kept in the usual course of business, if they were so kept.

H. With regard to any audio, video, photographic, or digital physical evidence produced pursuant to these requests, please produce copies of both the original media format, as well as, any print outs, screenshots, negatives, color copies, transcripts, still frames, or other media variations. (For example, if a statement of plaintiff was recorded by audio, please produce a copy of both the audio recording, as well as, a written transcript of the recording.) With regard to the above described media, a digital copy either placed onto a CD is acceptable.

I.  If defendant has possession, custody, or control of the originals of documents requested, then the originals and all non-identical copies shall be produced; if defendant does not have in possession, custody, or control the originals of the documents requested, then an identical copy or each original and any and all non-identical copies of each original shall be produced.

J.  In the event that any request is objected to as to form or substance, such is to be specifically stated to include all reasons therefore with explanation as to how the request is alleged to be objectionable.

K.  If the production of any document or physical evidence is withheld pursuant to an objection of privilege, defendant is required to provide, in lieu of production a "privilege log" with the following identifying information on each document: title; date created; author/creator; addressee; all copy addressees; a brief description of the document with sufficient specificity to identify its subject matter; the form of the document and any attachments; the present location of the document; and a statement of the factual and legal basis on which the privilege is claimed in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## REQUESTS
### Background Information

1.  Please produce a copy of each and every driver's license identified by you in response to Interrogatory No. 5 [Driver's License Identification].

2.  Please produce a copy of your driving record for the past seven (7) years.  In lieu of providing this document, you may sign the attached authorization so that plaintiff may obtain this information directly from the Department of Driver Services.

3.  Please produce a copy of each and every document related to or relied upon by you in identifying driving history in response to Interrogatory No. 6 [Driving History Identification].

4.  Please produce a copy of each and every traffic citation, and the disposition thereof, you have received in the last five (5) years, together with copies of each and every document you have received from any municipal, county, state, federal regulatory, or licensing agency, which relates in any way to your driving record and the privilege to operate motor vehicle at any time on public highways.

5.  Please produce a copy of each and every criminal arrest or charge, and the disposition thereof, you have received in the last ten (10) years, together with copies of each and every document you have received from any municipal, county, state, or federal entity which in any way relates to your arrests, charges, and the disposition thereof identified in response to Interrogatory No. 7 [Criminal History Identification].

6.  Please produce a copy of each and every document related to or relied upon by you in identifying your legal proceeding history in response to Interrogatory No. 8 [Legal Proceeding Identification].

7.  Please produce a copy of each and every document (such as a bill, log, or report) related to or relied upon by you in identifying your cell/mobile/smart phone information in response to Interrogatory No. 9 [Phone Identification].

Witnesses

8.  Please produce a copy of each and every statement of any party, as well as, each witness identified in your response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement.

9.  Please produce a copy of each and every document or report completed or made by each expert identified in response to Interrogatory No. 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement including bills.

10. Please produce a copy of each and every document or physical evidence you provided to or was relied upon by any expert identified in your response to Interrogatory No. 12 [Expert Witness], whether such is written, recorded, or a memorandum or notation of an oral statement.

### Miscellaneous

11. Please produce a copy of each and every document policy of liability insurance coverage identified in your response to Interrogatory No. 13 [Insurance Policies], including for each policy: the entire policy with endorsements, addendums, or other attachments; the insurance binder; and the declarations page.

12. Please produce a copy of each and every document related to or relied upon by you in identifying any reservation of rights in your response to Interrogatory No. 14 [Reservation of Rights], specifically including but not limited to: any reservation of rights letter; any application for insurance coverage; any denial of insurance coverage; any receipts for insurance premiums; any notices of cancellation, termination, or delinquency; any communication or correspondence between you and the insurer; and any communication between you and your insurance agent.

13. Please produce a copy of each and every document which reflects, records, or evidences, in whole or in part, the scene/roadway of your wreck which is the subject matter of this lawsuit.

14. Please produce a copy of each and every document related to or relied upon by you in identifying the vehicle ownership in response to Interrogatory No. 16 [Vehicle Ownership], specifically including but not limited to: title, registration, and tag receipt of the vehicle.

15. Please produce a copy of each and every document exchanged between your insurer and every: plaintiff; defendant; insurer of the vehicle plaintiff occupied at the time of the wreck; and witness identified in response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses].

16. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the plaintiff, specifically including but not limited to:

plaintiff's ability to work; plaintiff's injuries; plaintiff's physical condition; plaintiff's activities; plaintiff's employment; plaintiff's medical bills; plaintiff's income; plaintiff's driving history/record; plaintiff's insurance/claims history; plaintiff's legal proceeding history; plaintiff's criminal history; plaintiff's medical history; and any surveillance of plaintiff.

17. Please produce a copy of each and every third-party claim for reimbursement by any entity or organization who claims an interest in the proceeds of any settlements for the incident which is the subject matter of this lawsuit.

### The Wreck

18. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation by a governmental agency relating to your wreck which is the subject matter of this lawsuit.

19. Please produce a copy of each and every document related to or relied upon by you in identifying any alcohol or drug in your response to Interrogatory No. 19 [Consumption Information], specifically including but not limited to every: receipt; label; bill; dosage instruction; and photo taken at the location and time of consumption.

20. Please produce a copy of each and every document related to or relied upon by you in indentifying your job status in your response to Interrogatory No. 20 [Job Status Identification], specifically including but not limited to every: worker's compensation document; driver's log; payment; benefit; reimbursement; job order; job instruction; receipt; and compensation.

21. Please produce a copy of each and every document related to or relied upon by you in identifying any weather condition or mechanical defect contributing to this wreck in response

to Interrogatory No. 23 [Weather/Mechanical Defect Identification], specifically including any maintenance, equipment, and repair records of any type concerning the vehicle you occupied at the time of the collision.

22. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the property damage to the vehicles involved in your wreck which is the subject matter of this lawsuit, specifically including but not limited to: estimates, inspections, appraisals, photographs, reports, repairs, and invoices.

### Defenses

23. Please produce a copy of each and every document related to or relied upon by you in identifying each fact supporting an affirmative defense in your response to Interrogatory No. 24 [Affirmative Defense Facts].

24. Please produce a copy of each and every document related to or relied upon by you in denying the facts contained in the requests for admission directed to you in this matter.

25. Please produce a copy of each and every document related to or relied upon by you in indentifying any admissions in your response to Interrogatory No. 26 [Admissions Identification].

26. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation conducted by you in the usual and ordinary course of business relating to your wreck which is the subject matter of this lawsuit.

27. Please produce a copy of each and every document related to, relied on by, or identified by you in your responses to the interrogatories directed to you in this matter.

28. Please produce copies of all documents, physical evidence, electronically-stored information, and tangible things supporting your claim or defenses in this matter, specifically including any which may be used for the purpose of impeachment at trial.

Respectfully submitted this 10ᵗʰ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*



**Georgia Department of Driver Services**
Customer Service, Licensing and Records Division
P.O. Box 80447
Conyers, Georgia 30013

### REQUEST FOR MOTOR VEHICLE REPORT (MVR)

☐ I am requesting my own Georgia MVR. (Complete Sections 1, 3, and 4)

☐ I am requesting a Georgia MVR of another individual. (Complete Sections 1, 2, 3, and 4)

### PLEASE PRINT LEGIBLY

| SECTION 1 – DRIVER INFORMATION (must exactly match driving record) | | | |
|---|---|---|---|
| Full Name (First, Middle, Last) | | | |
| Driver Date of Birth (MM/DD/YY) | | Driver's License Number | |

| SECTION 2 – THIRD PARTY REQUESTOR INFORMATION | |
|---|---|
| Full Name (First, Middle, Last) | |
| Firm Name (if applicable) | |
| Address | |
| FOR DEPARTMENTAL USE ONLY | |

| SECTION 3 – TERM OF REQUEST |
|---|
| Please choose one of the following options: |
| ☐ Three (3) year Georgia MVR ($6.00 fee) |
| ☐ Seven (7) year Georgia MVR ($8.00 fee) |
| ☐ Lifetime Georgia MVR ($8.00 fee) |
| If you are requesting a Georgia MVR by mail, please include a business sized self-addressed stamped envelope along with this request and the required payment amount. By mail, we accept personal checks, cashier's checks, money orders, and company checks. |

| SECTION 4 – AUTHORIZATION TO RELEASE RECORD OF DRIVER | | | |
|---|---|---|---|
| Under penalty of law, I hereby (Please check one) | ☐ request release of my driving record; OR ☐ consent to release of my driving record to the person and/or entity named in Section 2, in accordance with O.C.G.A. §40-5-2. | | |
| Signature of Driver | | Date (MM-DD-YY) | |

DDS-18 (11/14)

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                     *
        Plaintiff,                   *
                                     *
v.                                   *       CIVIL ACTION FILE NUMBER
                                     *
                                     *       _____
JOSEPH SANDOVAL,                     *
                                     *
        Defendant.                   *

---

## NOTICE OF UNINSURED/UNDERINSURED MOTORIST CLAIM

TO:   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
      Through its Registered Agent:
      Corporation Service Company
      2 Sun Court, Suite 400
      Peachtree Corners, GA 30092

    You are hereby notified that Defendant in the above stated action is an uninsured/underinsured motorist as defined by the laws of the State of Georgia and, in the event Plaintiff obtains a judgment against Defendant, Plaintiff will seek to collect the judgment from State Farm Mutual Automobile Insurance Company under the uninsured/underinsured motorist provisions of all applicable policies, including but not limited to policies, 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311A. The declaration page(s) for these policies is attached hereto as Exhibit "A".

    Respectfully submitted this _10_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

                    J. Brandon Snellings
                    Georgia Bar No. 532402
                    *Attorney for Plaintiff*

**StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒    State Farm Mutual Automobile Insurance Company
☐    State Farm County Mutual Insurance Company of Texas
☐    State Farm Fire and Casualty Company
☐    State Farm Lloyds
☐    State Farm Indemnity Company
☐    State Farm Guaranty Insurance Company
☐    State Farm Florida Insurance Company
☐    _____
     (Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 913859011, covering a(n) 1988 Ford E150, 1FDKE30G1JHB78698, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of Information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zika Olafsv_
Claim Team Manager

Page 1 of 1
4/11/2017

**State Farm®**

# Confirmation of Coverage

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 919427711C, covering a(n) 2007 Chrysler 300 Touring, 2C3KA53G67H692674, was issued to Callaway, Cheyann & Brooks, Mary and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 25/50/25,D500,G500,H,R1 80%/1000,U 25/50/25

| | |
|---|---|
| A | Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zitas OKara_
Claim Team Manager

**StateFarm**                **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

- ☒ State Farm Mutual Automobile Insurance Company
- ☐ State Farm County Mutual Insurance Company of Texas
- ☐ State Farm Fire and Casualty Company
- ☐ State Farm Lloyds
- ☐ State Farm Indemnity Company
- ☐ State Farm Guaranty Insurance Company
- ☐ State Farm Florida Insurance Company
- ☐

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 936939411B, covering a(n) 2013 Chevrolet Impala, 2G1WC5E32D1109404, was issued to Brooks, Mary W & Williams, Michael and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 1,000,D500,G500,H,R1 80%/500,U 25/50/25

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

*Zilas Okaba*
Claim Team Manager

**StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒  State Farm Mutual Automobile Insurance Company
☐  State Farm County Mutual Insurance Company of Texas
☐  State Farm Fire and Casualty Company
☐  State Farm Lloyds
☐  State Farm Indemnity Company
☐  State Farm Guaranty Insurance Company
☐  State Farm Florida Insurance Company
☐

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775048511B, covering a(n) 2013 Mazda Mazda 3, JM1BL1TF8D1709670, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| A | Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

*Zika OVota,*

Claim Team Manager

**≈ StateFarm®**

**Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐

_____
(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848411C, covering a(n) 2015 Mercedes C300, 55SWF4JB3FU067913, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zula Okafor_
Claim Team Manager

**StateFarm**                          **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 963163611, covering a(n) 2019 Quality CA 5X8SA, 50ZZ1151XKN010465, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

D250,G250

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zita Okafa_
Claim Team Manager

Page 1 of 1
4/11/2017

**≈ StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848311A, covering a(n) 2006 Chevrolet K1500, 1GCEK19Z06Z273015, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_____
Claim Team Manager

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY              ☀
  ☀
       Plaintiff,     ☀
  ☀    CIVIL ACTION FILE NUMBER
v.   ☀
  ☀
JOSEPH SANDOVAL   ☀
  ☀
       Defendant.     ☀
  ☀

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

---

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval the following continuing interrogatories which are to be answered separately, under oath, in writing, and within the time required by law by serving a copy of said answers upon counsel for the plaintiff within forty-five (45) days after service:

### Definitions, Notes, and Instructions

A. As used herein "you", "your", and "Defendant" shall mean the Defendant, as well as: Defendant's counsel, agents, masters, servants, associates, employees, representatives, private investigators, insurers, and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

B. As used herein "physical evidence" and "document" shall mean each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

C. If an entire interrogatory cannot be answered because the complete answer is not known, so state and answer the part known. Similarly, if you allege a portion of an interrogatory objectionable, so state and answer to the extent that such interrogatory is not alleged objectionable.

D. With regard to any alleged objections to an interrogatory, the objector shall state the reasons for the objections with the grounds for the objection being stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

E. If you claim that any piece of physical evidence which you are requested to identify or any information you are requested to give in response to these interrogatories is protected by privilege (attorney-client, work product, or otherwise), or withheld for any reason whatsoever, please identify for each item of physical evidence by stating: the date the item was created; the type of item (letter, photo, receipt, chart, report, etc.); the creator/author of the item; each recipient and/or possessor of the item; general subject matter of the item; and the basis for your claim of privilege or for otherwise withholding such item of and/or information about physical evidence.

F. Each of the following interrogatories shall be deemed continuing in the manner provided by law. Defendant is requested (1) to seasonably supplement your responses if you, your agent, or your attorney, directly or indirectly, obtain further information relevant to the interrogatories propounded herein, and (2) to amend any prior response if you, your agent, or your attorney subsequently learn that although correctly made, the original response is no longer true and circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## INTERROGATORIES

1. Please identify yourself by stating: your full legal name; any other names you are/have been known by (ex: nickname or maiden name); your date of birth; your current age; your current address; your address on February 6, 2020; your address on the date the Complaint of Damages in this matter was served; and the last four digits of your social security number.

2. Please identify each relative by blood or marriage up to and through second cousins who reside in the county where this lawsuit has been filed and are eighteen (18) years of age or older by stating for each: full legal name; the relationship to you; current address; the elected government position each holds (if any); and where each is employed.

3. Please identify your formal education by stating for each high school, college, university, seminar, technical / vocational school, professional course, and other education / training:

the name of each educating entity; address of each educating entity; title of course taken; degree or certification obtained; dates of attendance; and the date of completion.

4.  Please identify your employment history for the previous five years by stating for each employer during that time: the employer's name; business address and location where you worked (if different); dates of employment; job title; reason for your change of employment (ex: fired/promoted); and your duties.

5.  Please identify any current driver's license you possess, as well as, any license you possessed on February 6, 2020, by stating: the state issuing; license number; the class; the date obtained; and any restrictions, suspensions, or revocations.

6.  Please identify your history with regard to all wrecks in which you were driving which occurred within ten years before or after your wreck occurring on February 6, 2020, by stating for each wreck: the date; the city, county, and state of occurrence; the responding law enforcement department; whether anyone was injured; and whether you made any insurance claim for any injuries sustained or if such a claim was made against you.

7.  Please identify your criminal history with regard to each criminal offense (including all warnings, traffic/ordinance violations, arrests, and criminal charges of any kind) for which you were arrested, cited, or charged by stating for each: the date; the responsible law enforcement department; the city, county, and state of occurrence; the nature of each offense; the court of each legal proceeding; your plea; whether any transcript of the legal proceeding was made; and the final disposition of each offense. (Please note that this request does include any criminal offense arising from your wreck occurring on February 6, 2020.)

8.  Please identify your legal proceeding history regarding each other legal proceeding you have been a party to by stating: the type of each proceeding (ex: bankruptcy, divorce, civil lawsuit); the subject matter of each proceeding; your role/position in each proceeding; the date each proceeding was initiated; the court of each proceeding; the county and state in which the legal proceeding was filed; the name and address of the other party(ies) to each proceeding; and the final disposition of each proceeding.

9.  Please identify your cell/mobile/smart phone information for every such phone you possessed or used within one month before and after your wreck occurring on February 6, 2020, by stating the phone number, the company providing the phone service, the

name(s) the phone account is listed under, the billing address the account is listed under, and whether such phone was with you at the time of the wreck.

10. Please identify any person who witnessed the wreck on February 6, 2020 or arrived at the scene by stating for each person: full legal name; any other names each is/have been known by; date of birth; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

11. Please identify any person having any knowledge whatsoever about the event(s) described in the Complaint for Damages in this case by stating for each person: full legal name; any other names each is/have been known by (ex: nickname, maiden name); date of birth; current age; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

12. Please identify any person who you intend to call as an expert witness at the trial of this case by stating for each person: full legal name; name and address of his/her employer/organization; phone number; the field/subject matter he/she is to be offered as an expert; a summary of his/her qualifications within the alleged expert's field; the substance of the opinions to which he/she is expected to testify; and a summary of the grounds of each opinion to be given by the expert.

13. Please identify any liability insurance coverage which may be liable to satisfy part or all of any judgment which may be entered in the above-captioned case, or to indemnify or reimburse for payments made to satisfy such judgment by stating for each: the name of the company; the policy number; the policy limits of the liability coverage; and the named insured(s) under each policy.

14. Please state whether any insurance company has denied coverage or has agreed to defend this lawsuit under a reservation of rights, and, if so, please state the basis for which such coverage was denied or such reservation of rights was issued by the company.

15. Please identify any physical evidence (including any maps, pictures, diagrams, photographs, videotapes, drawings, depictions, measurements, visual aids, physical objects, recordings, or demonstrative material) of the wreck, the vehicles, the scene of the wreck, or the persons involved in the wreck, which is in your, your agents', or your attorneys' possession by stating for each: the type of item; the subject matter of the item;

the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

16. Please identify the owner(s) of the vehicle you were occupying during your wreck of February 6, 2020, by stating for each owner (whether person or business): the name of any registered title owner; the address of that owner; your relationship to that owner; the number of times that owner has allowed you to use the vehicle in the twelve (12) months prior to the wreck; how the driver came to possess the vehicle from that owner on the day of the wreck; and whether that owner knew of any offenses listed in your response to Interrogatory No. 6 above, if any, prior to this wreck.

17. Please identify the purpose of your driving during which your wreck occurred on February 6, 2020, by stating: the location and address of where you were driving from; the location and address of where you were driving to; and the reason you were driving from one location to the next.

18. Please state how the wreck at issue in this matter occurred including: the direction of the vehicles; whether you saw the plaintiff's vehicle prior to the collision; the lane in which each vehicle was traveling; and any action taken by you to avoid the collision.

19. Please identify whether you consumed any alcoholic beverages, prescription medication, or other drugs of whatever kind for twenty four (24) hours immediately preceding your wreck on February 6, 2020, by stating for each substance consumed: the type and quantity of the substance consumed; the location and address where the substance was consumed; the approximate time of consumption; and the name and address of any person present during the consumption.

20. Please identify whether you were on the job, working, or doing an errand for some other person/entity at the time of the wreck by stating: the full legal name of such person/entity; the address of such person/entity; the task/assignment being performed by you; the supervisor or individual that requested you perform such task/assignment; and the compensation or benefit provided in exchange for your performance.

21. Please identify any injuries you sustained in your wreck occurring on February 6, 2020, by stating for each: the area of your body injured; the name, business, and address of any

medical provider from whom you received treatment; and the date of your first and last treatment.

22. Please identify whether you believe any person or entity, other than yourself, contributed to causing your wreck occurring on February 6, 2020, by stating for each such person: full legal name; address; each act or omission by that person that you feel contributed to causing the wreck

23. Please identify whether you believe any weather/lighting condition or mechanical defect/malfunction contributed to causing your wreck occurring on February 6, 2020 by stating for each such contributor: the type condition, defect, or malfunction; when you first became aware of such; how such was discovered; how long such existed prior to the wreck; and how such contributed to causing the wreck.

24. Please identify every fact that supports each affirmative defense that you raise in the above-captioned matter.

25. Please identify all admissions you contend were made by stating with regard to each: the fact admitted; who admitted it; when the admission was made; and the identity and contact information of any witness to the admission.

26. Please identify all other tangible and/or documentary physical evidence not already stated in your responses to these interrogatories which are relevant to any facts, issues, or contentions pertaining to the subject matter of the above-captioned case, by stating for each: the type of item; the subject matter of the item; the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

27. Please verify your responses to these interrogatories.

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

T. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

✿ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,

    Plaintiff,

v.

JOSEPH SANDOVAL,

    Defendant.

CIVIL ACTION FILE NUMBER

_____

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, Plaintiff Cheyann Callaway who files this Complaint for Damages against Defendant Joseph Sandoval by showing this Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Cheyann Callaway submits to the jurisdiction and venue of this Court.

2.

Defendant Joseph Sandoval is a resident of Russell County, AL and may be served with legal process at his residence located at 1310 Ingersoll Drive, Phenix City, AL 36867.

3.

Jurisdiction is proper in this Court.

4.

Venue in this Court is proper.

### II. OPERATIVE FACTS

5.

On February 6, 2020, Defendant was driving West on 13th Street approaching 12th Ave.

in Columbus, Muscogee County, GA.

6.

At that same time, Plaintiff was traveling East on 13th Street near 12th Ave.

7.

Defendant turned left into Plaintiff's lane of travel colliding with Plaintiff.

8.

Defendant caused the subject collision.

9.

As a result of the collision, Plaintiff suffered severe and permanent bodily injuries, including, but not limited to, a fractured right arm requiring the surgical insertion of metal hardware.

10.

As a result of the collision, Plaintiff incurred medical expenses in the amount of $45,481.51 or more for medical treatment, including by not limited to, surgery performed on her fractured right arm.

### III. LIABILITY OF DEFENDANT AND DAMAGES SOUGHT

11.

Defendant is liable to Plaintiff for tortious acts and omissions, including but not limited to the following:

    a) Negligently failing to yield;
    b) Negligently making an improper left turn;
    c) Negligently failing to keep a proper lookout ahead; and,
    d) Other violations of the rules of the road which may also be negligence *per se* in violation of statute.

12.

Plaintiff's damages are the direct and proximate result of Defendant's negligent conduct.

13.

As a direct and proximate result of Defendant's negligent conduct, Plaintiff seeks a verdict for compensatory damages, including special damages for medical expenses in the amount of $45,481.51 or more, and lost wages in the amount of $5,188.42, as well as, general damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

a) Summons issue requiring Defendant to be and appear as provided by law to answer Plaintiff's Complaint;
b) A jury trial be held;
c) Plaintiff have judgment for special and general damages to fully and completely compensate Plaintiff;
d) All costs be cast against Defendant; and
e) For such other and further relief as this Court shall deem just and appropriate.

Respectfully submitted this _10_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31901
Phone: (706) 596-1446
Fax: (706) 598-8627
Email: brandon@garybrucelaw.net
*Attorneys for Plaintiff*

J. Brandon Snellings
Georgia Bar No. 532402
Gary O. Bruce
Georgia Bar No. 090266
Kristen L. Campbell
Georgia Bar No. 443214

2103947

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. ___ SC2021CV001049

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Date Filed ___ 08/10/21 09:06 AM

Georgia, ___ MUSCOGEE ___ COUNTY

Attorney's Address ___ Snellings, J. Brandon
Gary O. Bruce, P.C.
912 Second Avenue
Columbus, GEORGIA 31901-

Callaway, Cheyann

_____ Plaintiff

VS.

Name and Address of Party to be Served.
State Farm Automobile Insurance Company   through its registered agent Corporation Service Company

Sandoval, Joseph

2 Sun Court, Suite 400

_____ Defendant

Peachtree Corners, GEORGIA 30092

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:
age, about ____ years; weight ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☒ Served the defendant _State Farm Automobile Insurance Com._ a corporation
by leaving a copy of the within action and summons with _Alisha Smith R.A_
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _24_ day of _Aug_ , 20 _21_              _J. Williams 50113_
                                                                      Deputy

**From:**"HOME CLMS-SALIR" <home.clms-salir.944g00@statefarm.com>
**Sent:**Wed, 25 Aug 2021 16:53:08 +0000
**To:**"LT - AUTO - Litigation" <LT-AUTO-CL@internal.statefarm.com>
**Subject:**11-C881-4L4
**Attachments:**LAWSUIT.pdf

DOC ID:  33902376

ROUTING LAWSUIT FOR REVIEW.THE DOCS WILL ALSO BE ROUTED TO LT EMAIL CAPTURE.SALIR
SHOULD NOT BE ASSIGNED AS CLAIM OWNER OR COL ON ANY CLAIM.IF ASSIGNMENT IS
RECEIVED IN ERROR IMMEDIATELY FORWARD TO THE APPROPRIATE SEGMENT.DO NOT RETURN
TO SALIR.



## Notice of Service of Process

null / ALL
Transmittal Number: 23675327
Date Processed: 08/24/2021

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| Entity: | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| Entity Served: | State Farm Mutual Automobile Insurance Company |
| Title of Action: | Cheyann Callaway vs. Joseph Sandoval |
| Matter Name/ID: | Cheyann Callaway vs. Joseph Sandoval (11510253) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Muscogee County State Court, GA |
| Case/Reference No: | SC2021CV001049 |
| Jurisdiction Served: | Georgia |
| Date Served on CSC: | 08/24/2021 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Gary O. Bruce, P.C.<br>706-596-1446 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

☆ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2021CV001049

Callaway, Cheyann

_____

**PLAINTIFF**                                      VS.

Sandoval, Joseph

_____

**DEFENDANT**

**SUMMONS**

TO: STATE FARM AUTOMOBILE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **J. Brandon Snellings**
> **Gary O. Bruce, P.C.**
> **912 Second Avenue**
> **Columbus, Georgia 31901**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 10th day of August, 2021.

Clerk of State Court

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,              *

                    *

     Plaintiff,             *

                    *     CIVIL ACTION FILE NUMBER

v.                       *

                    *     _____

JOSEPH SANDOVAL,         *

                    *

     Defendant.        *

---

### PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

        In compliance with O.C.G.A. §9-11-36, the Underinsured Motorist Carrier **State Farm Mutual Automobile Insurance Company** is required to admit the truth of the separately listed matters of fact, and the genuineness of the attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, the UM carrier is required to respond to this request in writing.

1.   Please admit Defendant Sandoval caused this loss.

2.   Please admit you do not contend Plaintiff caused this loss.

3.   Please admit you possessed a copy of the Georgia Motor Vehicle Crash Report for this loss prior to this litigation.

4.   Please admit the Georgia Motor Vehicle Crash Report identifies Defendant Sandoval as contributing to the wreck, and identifies Plaintiff with no contribution to the wreck.

5.   Please admit Plaintiff was injured in this loss.

6.   Please admit you have been properly served within the statute of limitations for this loss.

7.   Please admit you are subject to the jurisdiction and venue of this Court.

8.   Please admit you issued policy numbers 913859011, 919427711C, 936939411B,

775848511B, 775848411C, 963163611, and 775848311 which were in effect at the time of this loss.

9. Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311 covered the vehicle occupied by Plaintiff during this loss.

10. Please admit Plaintiff's occupation of the covered vehicle during this loss qualified her as an insured under your policy.

11. Please admit policies 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311 includes uninsured motorist coverage.

12. Please admit uninsured motorist coverage is available to Plaintiff for this loss through your company.

13. Please admit Plaintiff provided you reasonable notice of this loss prior to this litigation.

14. Please admit prior to this litigation you did not identify to Plaintiff any coverage defense.

15. Please admit prior to this litigation you did not identify to Plaintiff any policy exclusion.

16. Please admit prior to this litigation you never provided Plaintiff any reservation of rights.

17. Please admit prior to this litigation you never denied coverage to Plaintiff for this loss.

Respectfully submitted this _10_ day of August 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

✱ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                         *
                                          *
         Plaintiff,                       *
                                          *    CIVIL ACTION FILE NUMBER
v.                                        *
                                          *    _____
JOSEPH SANDOVAL,                          *
                                          *
         Defendant.                       *

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval, the following requests for admission requiring Defendant to admit the truth of the separately listed matters of fact, and the genuineness of any attached documents, on the forty-fifth (45th) day after service of this request. As required by statute, Defendant is required to respond to this request in writing. Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within forty-five (45) days after service of this First Request for Admissions to Defendant, Defendant serves a written answer, or objection, addressed to each fact.

### REQUESTS

1.  Please admit this Court has jurisdiction over this matter and Defendant.

2.  Please admit this Court is the proper venue for this matter.

3.  Please admit Defendant has been properly served with process in this matter.

4.  Please admit Defendant has been properly named in this matter.

5.  Please admit a collision occurred between Plaintiff and Defendant on February 6, 2020.

6. Please admit Defendant caused the subject collision.

7. Please admit Defendant was negligent in causing the subject collision.

8. Please admit Plaintiff did not cause the subject collision.

9. Please admit you do not contend Plaintiff negligently contributed to causing the subject collision.

10. Please admit the subject collision was not caused by any individual or entity other than Defendant.

11. Please admit your vehicle had no mechanical defect or failure contributing to causing the subject collision.

12. Please admit no defects in the road or traffic control devices contributing to causing the subject collision.

13. Please admit Plaintiff was injured in the subject collision.

Respectfully submitted this ___10___ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA
**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,          *
                          *
        Plaintiff,        *
                          *
v.                        *
                          *
JOSEPH SANDOVAL,          *          CIVIL ACTION FILE NUMBER
                          *
        Defendant.        *          _____

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### TO UM CARRIER STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

In compliance with O.C.G.A. §9-11-34, "State Farm Mutual Automobile Insurance Company", the uninsured motorist carrier in connection with the above-styled civil action, is required to produce and permit plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00 am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents and continuing from day to day thereafter until inspection, copying and related acts are completed by plaintiff.

State Farm Insurance Company is reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. § 9-11-26.

The definitions included in the Interrogatories served on State Farm Insurance Company are incorporated by reference and apply to the requested documents.

In the alternative, State Farm Insurance Company may provide a true and accurate copy

of the requested documents within forty-fifth (45th) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

## IDENTIFICATION OF PRIVILEGED DOCUMENTS

If the production of any document is withheld pursuant to a claim of a privilege, State Farm Insurance Company is required to provide, in lieu of production, the following identifying information on each such document; a) title; b) date; c) author; d) addressee; e) all copy addresses; f) a brief description of the document with sufficient specificity to reveal its subject matter; g) the form of the document and any attachments; h) the present location of the document; I) the identity of the person or persons who have custody, control, or possession of the document; and j) a statement of the basis on which the privilege is claimed.

1.

Produce copies of any statements, including notes taken during telephone or in person interviews, obtained by the uninsured or underinsured motorist carrier from any witnesses or any other individual (including but not limited to plaintiff(s) and defendant) pertaining to the collision which is the subject matter of this lawsuit.

2.

Produce copies of any photograph, videotape, or other reproduction in the possession of this insurance carrier, its attorney, or any agent or investigator, relating to: (1) the scene of the collision involving defendant and plaintiff which occurred on February 6, 2020; (2) the vehicles involved in this collision; and (3) the parties.

3.

Provide copies of all documents (photographs, moving pictures, or other tangible

evidence) which records, reflects, or otherwise evidences, in whole or in part, the damage to all vehicles in the collision which occurred on February 6, 2020, including but not limited to photographs of the vehicles, estimates and inspection reports, and repair invoices for parts and labor which relate to any malfunction or repair of the vehicle(s).

4.

Please produce a complete and certified copy of all policies of automobile insurance (to include the declarations pages) which do or may afford uninsured or underinsured motorist insurance coverage to the plaintiff or any resident relative of its household as of February 6, 2020 which is the date of the subject collision. This Request includes primary insurance coverage, excess insurance coverage, or any other type of automobile insurance coverage.

5.

Provide copies of all documents which record, reflect, or otherwise evidence, in whole or in part, documents referred to, or in any way relied on, or identified, in your responses to the First Interrogatories to Defendant.

6.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to plaintiff(s).

7.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, police reports, police investigations, accident reports, and any other investigations of any kind conducted by a governmental agency of any kind relating to the collision which occurred on February 6, 2020.

8.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any investigation conducted by you, or any agent of you, conducted in the usual and ordinary course of business relating to the collision which occurred on February 6, 2020.

9.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any statement from any person claiming to have been in the sight, hearing or in the approximate vicinity of the collision which occurred on February 6, 2020 between vehicles driven by plaintiff and defendant.

10.

Produce all documents which record, reflect, or otherwise evidence, in whole or in part, any report or bill from any doctor, hospital, clinic, x-ray laboratory, chiropractor, ambulance, or any other medical facility or medical source, which relate to injuries suffered by defendant as a result of the collision which occurred on February 6, 2020.

11.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any photographs, videotapes and surveillance of any kind which document the physical abilities and activities of the plaintiff.

12.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any claim defendant has made for damages arising from the collision which is the subject of this action.

13.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, any communications of any kind with plaintiff.

14.

Produce copies of all documents which record, reflect, or otherwise evidence, in whole or in part, plaintiff's ability to work including employment applications, lost time records, and any documents of any kind from plaintiff's employer(s).

Respectfully submitted this _10_ day of August, 2021.

GARY O. BRUCE, P.C.
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail:  brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                     *
        Plaintiff,                   *
                                     *        CIVIL ACTION FILE NUMBER
v.                                   *
                                     *        _____
JOSEPH SANDOVAL,                     *
                                     *
        Defendant.                   *

---

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

---

COMES NOW, Cheyann Callaway, Plaintiff in the above-captioned case, and serves upon Defendant, Joseph T. Sandoval, these requests for production of documents requiring defendant to produce and permit plaintiff to inspect and copy the designated documents.  The production, inspection, copying, and all related acts shall take place at the offices of the attorneys for the plaintiff, commencing at 10:00am, on the first business day following the forty-fifth (45th) day after the date you are served with this Request for Production of Documents, or at any other date convenient to counsel for all parties, and continuing for day to day thereafter until inspection, copying, and related acts are completed by plaintiff.

### Definitions, Notes, and Instructions

A. In the alternative, defendant may provide a true and accurate copy of the requested documents within forty-five (45) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorneys for the plaintiff.

B. The Definitions, Notes, and Instructions depicted in plaintiff's interrogatories directed to this defendant are incorporated by reference and apply to the requested documents and physical

evidence sought herein, specifically including those definitions of "you", "your",[1] and "Defendant", as well as, "physical evidence".

C.  Again, as used herein "document" and "physical evidence" shall mean: each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

D.  These Requests for Production of Documents are continuing in nature. Pursuant to O.C.G.A. §9-11-26, you are required to amend and supplement your responses promptly should you acquire any additional information or documentation, make any assumptions or contentions, or reach any conclusions or opinions different from those encompassed within your responses to these requests, and to the full extend that your responses are affected.

E.  These requests include documents and physical evidence in the possession, custody, or control of you, as well as: your agents; masters; servants; associates; employees; private investigators; insurers; representatives; any others who are or have been in possession of, or obtained information on your behalf; and unless privileged, your attorneys.

F.  These requests are intended to cover any document or physical evidence for the time period of the present going back five (5) years from the date of the filed Complaint in the above-captioned matter, unless otherwise specified in particular document request.

G.  All documents and physical evidence produced pursuant to these requests shall be: organized and labeled to correspond to the separate numbered request; or produced as they were kept in the usual course of business, if they were so kept.

H.  With regard to any audio, video, photographic, or digital physical evidence produced pursuant to these requests, please produce copies of both the original media format, as well as, any print outs, screenshots, negatives, color copies, transcripts, still frames, or other media variations. (For example, if a statement of plaintiff was recorded by audio, please produce a copy of both the audio recording, as well as, a written transcript of the recording.) With regard to the above described media, a digital copy either placed onto a CD is acceptable.

I. If defendant has possession, custody, or control of the originals of documents requested, then the originals and all non-identical copies shall be produced; if defendant does not have in possession, custody, or control the originals of the documents requested, then an identical copy or each original and any and all non-identical copies of each original shall be produced.

J. In the event that any request is objected to as to form or substance, such is to be specifically stated to include all reasons therefore with explanation as to how the request is alleged to be objectionable.

K. If the production of any document or physical evidence is withheld pursuant to an objection of privilege, defendant is required to provide, in lieu of production a "privilege log" with the following identifying information on each document: title; date created; author/creator; addressee; all copy addresses; a brief description of the document with sufficient specificity to identify its subject matter; the form of the document and any attachments; the present location of the document; and a statement of the factual and legal basis on which the privilege is claimed in sufficient detail so as to permit the Court to ascertain the validity of any such claim.

## REQUESTS
### Background Information

1. Please produce a copy of each and every driver's license identified by you in response to Interrogatory No. 5 [Driver's License Identification].

2. Please produce a copy of your driving record for the past seven (7) years. In lieu of providing this document, you may sign the attached authorization so that plaintiff may obtain this information directly from the Department of Driver Services.

3. Please produce a copy of each and every document related to or relied upon by you in identifying driving history in response to Interrogatory No. 6 [Driving History Identification].

4. Please produce a copy of each and every traffic citation, and the disposition thereof, you have received in the last five (5) years, together with copies of each and every document you have received from any municipal, county, state, federal regulatory, or licensing agency, which relates in any way to your driving record and the privilege to operate motor vehicle at any time on public highways.

5.  Please produce a copy of each and every criminal arrest or charge, and the disposition thereof, you have received in the last ten (10) years, together with copies of each and every document you have received from any municipal, county, state, or federal entity which in any way relates to your arrests, charges, and the disposition thereof identified in response to Interrogatory No. 7 [Criminal History Identification].

6.  Please produce a copy of each and every document related to or relied upon by you in identifying your legal proceeding history in response to Interrogatory No. 8 [Legal Proceeding Identification].

7.  Please produce a copy of each and every document (such as a bill, log, or report) related to or relied upon by you in identifying your cell/mobile/smart phone information in response to Interrogatory No. 9 [Phone Identification].

### Witnesses

8.  Please produce a copy of each and every statement of any party, as well as, each witness identified in your response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement.

9.  Please produce a copy of each and every document or report completed or made by each expert identified in response to Interrogatory No. 12 [Expert Witnesses], whether such is written, recorded, or a memorandum or notation of an oral statement including bills.

10. Please produce a copy of each and every document or physical evidence you provided to or was relied upon by any expert identified in your response to Interrogatory No. 12 [Expert Witness], whether such is written, recorded, or a memorandum or notation of an oral statement.

**Miscellaneous**

11. Please produce a copy of each and every document policy of liability insurance coverage identified in your response to Interrogatory No. 13 [Insurance Policies], including for each policy: the entire policy with endorsements, addendums, or other attachments; the insurance binder; and the declarations page.

12. Please produce a copy of each and every document related to or relied upon by you in identifying any reservation of rights in your response to Interrogatory No. 14 [Reservation of Rights], specifically including but not limited to: any reservation of rights letter; any application for insurance coverage; any denial of insurance coverage; any receipts for insurance premiums; any notices of cancellation, termination, or delinquency; any communication or correspondence between you and the insurer; and any communication between you and your insurance agent.

13. Please produce a copy of each and every document which reflects, records, or evidences, in whole or in part, the scene/roadway of your wreck which is the subject matter of this lawsuit.

14. Please produce a copy of each and every document related to or relied upon by you in identifying the vehicle ownership in response to Interrogatory No. 16 [Vehicle Ownership], specifically including but not limited to: title, registration, and tag receipt of the vehicle.

15. Please produce a copy of each and every document exchanged between your insurer and every: plaintiff; defendant; insurer of the vehicle plaintiff occupied at the time of the wreck; and witness identified in response to Interrogatories Nos. 10 [Scene Witnesses], 11 [General Witnesses], and 12 [Expert Witnesses].

16. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the plaintiff, specifically including but not limited to:

plaintiff's ability to work; plaintiff's injuries; plaintiff's physical condition; plaintiff's activities; plaintiff's employment; plaintiff's medical bills; plaintiff's income; plaintiff's driving history/record; plaintiff's insurance/claims history; plaintiff's legal proceeding history; plaintiff's criminal history; plaintiff's medical history; and any surveillance of plaintiff.

17. Please produce a copy of each and every third-party claim for reimbursement by any entity or organization who claims an interest in the proceeds of any settlements for the incident which is the subject matter of this lawsuit.

### The Wreck

18. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation by a governmental agency relating to your wreck which is the subject matter of this lawsuit.

19. Please produce a copy of each and every document related to or relied upon by you in identifying any alcohol or drug in your response to Interrogatory No. 19 [Consumption Information], specifically including but not limited to every: receipt; label; bill; dosage instruction; and photo taken at the location and time of consumption.

20. Please produce a copy of each and every document related to or relied upon by you in indentifying your job status in your response to Interrogatory No. 20 [Job Status Identification], specifically including but not limited to every: worker's compensation document; driver's log; payment; benefit; reimbursement; job order; job instruction; receipt; and compensation.

21. Please produce a copy of each and every document related to or relied upon by you in identifying any weather condition or mechanical defect contributing to this wreck in response

to Interrogatory No. 23 [Weather/Mechanical Defect Identification], specifically including any maintenance, equipment, and repair records of any type concerning the vehicle you occupied at the time of the collision.

22. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, the property damage to the vehicles involved in your wreck which is the subject matter of this lawsuit, specifically including but not limited to: estimates, inspections, appraisals, photographs, reports, repairs, and invoices.

**Defenses**

23. Please produce a copy of each and every document related to or relied upon by you in identifying each fact supporting an affirmative defense in your response to Interrogatory No. 24 [Affirmative Defense Facts].

24. Please produce a copy of each and every document related to or relied upon by you in denying the facts contained in the requests for admission directed to you in this matter.

25. Please produce a copy of each and every document related to or relied upon by you in indentifying any admissions in your response to Interrogatory No. 26 [Admissions Identification].

26. Please produce a copy of each and every document which records, reflects, or otherwise evidences, in whole or in part, any investigation conducted by you in the usual and ordinary course of business relating to your wreck which is the subject matter of this lawsuit.

27. Please produce a copy of each and every document related to, relied on by, or identified by you in your responses to the interrogatories directed to you in this matter.

28. Please produce copies of all documents, physical evidence, electronically-stored information, and tangible things supporting your claim or defenses in this matter, specifically including any which may be used for the purpose of impeachment at trial.

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

L. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*



**Georgia Department of Driver Services**
Customer Service, Licensing and Records Division
P.O. Box 80447
Conyers, Georgia 30013

### REQUEST FOR MOTOR VEHICLE REPORT (MVR)

☐ I am requesting my own Georgia MVR. (Complete Sections 1, 3, and 4)

☐ I am requesting a Georgia MVR of another individual. (Complete Sections 1, 2, 3, and 4)

### PLEASE PRINT LEGIBLY

| SECTION 1 – DRIVER INFORMATION (must exactly match driving record) | | | |
|---|---|---|---|
| Full Name (First, Middle, Last) | | | |
| Driver Date of Birth (MM/DD/YY) | | Driver's License Number | |

| SECTION 2 – THIRD PARTY REQUESTOR INFORMATION | |
|---|---|
| Full Name (First, Middle, Last) | |
| Firm Name (if applicable) | |
| Address | |
| FOR DEPARTMENTAL USE ONLY | |

**SECTION 3 – TERM OF REQUEST**

Please choose one of the following options:

☐ Three (3) year Georgia MVR ($6.00 fee)

☐ Seven (7) year Georgia MVR ($8.00 fee)

☐ Lifetime Georgia MVR ($8.00 fee)

If you are requesting a Georgia MVR by mail, please include a business sized self-addressed stamped envelope along with this request and the required payment amount. By mail, we accept personal checks, cashier's checks, money orders, and company checks.

| SECTION 4 – AUTHORIZATION TO RELEASE RECORD OF DRIVER | | | |
|---|---|---|---|
| Under penalty of law, I hereby (Please check one) | ☐ request release of my driving record; OR ☐ consent to release of my driving record to the person and/or entity named in Section 2, in accordance with O.C.G.A. §40-5-2. | | |
| Signature of Driver | | Date (MM-DD-YY) | |

DDS-18 (11/14)

🏛 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                      *
                                       *
        Plaintiff,                     *
                                       *        CIVIL ACTION FILE NUMBER
v.                                     *
                                       *        _____
JOSEPH SANDOVAL,                       *
                                       *
        Defendant.                     *

---

### NOTICE OF UNINSURED/UNDERINSURED MOTORIST CLAIM

---

TO:  **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
     Through its Registered Agent:
     Corporation Service Company
     2 Sun Court, Suite 400
     Peachtree Corners, GA 30092

    You are hereby notified that Defendant in the above stated action is an uninsured/underinsured motorist as defined by the laws of the State of Georgia and, in the event Plaintiff obtains a judgment against Defendant, Plaintiff will seek to collect the judgment from State Farm Mutual Automobile Insurance Company under the uninsured/underinsured motorist provisions of all applicable policies, including but not limited to policies, 913859011, 919427711C, 936939411B, 775848511B, 775848411C, 963163611, and 775848311A. The declaration page(s) for these policies is attached hereto as Exhibit "A".

    Respectfully submitted this _10_ day of August, 2021.


**GARY O. BRUCE, P.C.**                      J. Brandon Snellings
912 Second Avenue                            Georgia Bar No. 532402
Columbus, Georgia 31901                      *Attorney for Plaintiff*
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

 **StateFarm®**

# Confirmation of Coverage

11-C881-4L4
Claim Number

This policy is issued by:

- ☒ State Farm Mutual Automobile Insurance Company
- ☐ State Farm County Mutual Insurance Company of Texas
- ☐ State Farm Fire and Casualty Company
- ☐ State Farm Lloyds
- ☐ State Farm Indemnity Company
- ☐ State Farm Guaranty Insurance Company
- ☐ State Farm Florida Insurance Company
- ☐

_____
(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 913859011, covering a(n) 1988 Ford E150, 1FDKE30G1JHB78698, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| A | Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zika Okafer_
Claim Team Manager

**StateFarm®**                    **Confirmation of Coverage**

11-C681-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 919427711C, covering a(n) 2007 Chrysler 300  Touring, 2C3KA53G67H692674, was issued to Callaway, Cheyann & Brooks, Mary and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 25/50/25,D500,G500,H,R1 80%/1000,U 25/50/25

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident Georgia |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_____
Claim Team Manager

**StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 936939411B, covering a(n) 2013 Chevrolet Impala, 2G1WC5E32D1109404, was issued to Brooks, Mary W & Williams, Michael and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 1,000,D500,G500,H,R1 80%/500,U 25/50/25

A      Liability: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit
B      Property Damage Liability
C      Medical Payments Coverage
D      Comprehensive Coverage
F      Funeral Expense
G      Collision
H      Emergency Road Service
L      Physical Damage
M      Coverage Package
N      Personal Property Protection
P      Personal Injury Protection
R      Rental Coverage
S      Death
U      Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
U      Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UE     Uninsured Motor Vehicle (Added to At-Fault Liability Limits): Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UNOC   Use of Non Owned Cars
W      Underinsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
Z      Loss of Earnings

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_____
Claim Team Manager

 **StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848511B, covering a(n) 2013 Mazda Mazda 3, JM1BL1TF8D1709670, was issued to Brooks, Mary W & Timothy D & Callaway, Roslin and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zilea) OKefa_
Claim Team Manager

**State Farm®**

# Confirmation of Coverage

11-C881-4L4
Claim Number

This policy is issued by:

- ☒ State Farm Mutual Automobile Insurance Company
- ☐ State Farm County Mutual Insurance Company of Texas
- ☐ State Farm Fire and Casualty Company
- ☐ State Farm Lloyds
- ☐ State Farm Indemnity Company
- ☐ State Farm Guaranty Insurance Company
- ☐ State Farm Florida Insurance Company
- ☐ _____

(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848411O, covering a(n) 2015 Mercedes C300, 55SWF4JB3FU067913, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,R1 80%/1000,U 50/100/50

| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
|----|----|
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_Zela Olafa_

Claim Team Manager

Page 1 of 1
4/11/2017

 **StateFarm®**                    **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐

_____
(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 963163611, covering a(n) 2019 Quality CA 5X8SA, 50ZZ1151XKN010465, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

D250,G250

A       Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit
B       Property Damage Liability
C       Medical Payments Coverage
D       Comprehensive Coverage
F       Funeral Expense
G       Collision
H       Emergency Road Service
L       Physical Damage
M       Coverage Package
N       Personal Property Protection
P       Personal Injury Protection
R       Rental Coverage
S       Death
U       Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
U       Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UE      Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia**
UNOC    Use of Non Owned Cars
W       Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident
Z       Loss of Earnings

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_____
Claim Team Manager

  **Confirmation of Coverage**

11-C881-4L4
Claim Number

This policy is issued by:

☒ State Farm Mutual Automobile Insurance Company
☐ State Farm County Mutual Insurance Company of Texas
☐ State Farm Fire and Casualty Company
☐ State Farm Lloyds
☐ State Farm Indemnity Company
☐ State Farm Guaranty Insurance Company
☐ State Farm Florida Insurance Company
☐ _____
(Write in the name of the appropriate State Farm® affiliate)

This certifies that policy number 775848311A, covering a(n) 2006 Chevrolet K1500, 1GCEK19Z06Z273015, was issued to Brooks, Mary W & Timothy D and was in effect on the accident date of February 6, 2020. The coverages and limits of liability for this policy on that date were:

A 50/100/50,C 5,000,D500,G500,H,U 50/100/50

| | |
|---|---|
| A | Liability:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident or Single Limit |
| B | Property Damage Liability |
| C | Medical Payments Coverage |
| D | Comprehensive Coverage |
| F | Funeral Expense |
| G | Collision |
| H | Emergency Road Service |
| L | Physical Damage |
| M | Coverage Package |
| N | Personal Property Protection |
| P | Personal Injury Protection |
| R | Rental Coverage |
| S | Death |
| U | Uninsured Motor Vehicle: Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| U | Uninsured Motor Vehicle (Reduced By At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UE | Uninsured Motor Vehicle (Added to At-Fault Liability Limits):  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident **Georgia** |
| UNOC | Use of Non Owned Cars |
| W | Underinsured Motor Vehicle:  Bodily Injury each person / Bodily Injury each accident / Property Damage each accident |
| Z | Loss of Earnings |

This document is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend, or alter the coverage, terms, exclusions, conditions, or other provisions afforded by the policies referenced herein.

_____
Claim Team Manager

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

SC2021CV001049

AUG 10, 2021 09:06 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY,                    *
                                     *
            Plaintiff,               *
                                     *        CIVIL ACTION FILE NUMBER
v.                                   *
                                     *
JOSEPH SANDOVAL,                     *
                                     *        _____
            Defendant.               *

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

---

COMES NOW, Cheyann Callaway, Plaintiff in the above-styled action and serves these Interrogatories upon the above-named Underinsured Motorist Carrier **"State Farm Mutual Automobile Insurance Company"** as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These Interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33. These Interrogatories shall be deemed continuing and you are required to supplement or amend any prior response if the person or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances, or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of the Underinsured Motorist Carrier, as well as to the knowledge and information of Underinsured Motorist Carrier's attorneys, investigators, agents and other representatives. If Underinsured Motorist Carrier is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Underinsured Motorist Carrier, the question is also directed to each of the aforementioned persons.

You are requested not to respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "**Document**" means every writing or record of every type and description that is or has been in your possession, control or custody or of which you have knowledge, including but not limited to, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, fiche, microfiche, voice recordings, maps, reports, surveys, plats, minutes or statistical calculations.

2.  "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization or group of persons.

3.  "**Occurrence**" refers to the collision made the basis of the Complaint.

4.  "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address and business telephone number of such person, and a description of each such person's connection with the events in question.

5.  "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was

prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

## PRIVILEGE LOG

If you claim that any document which you are requested to identify, or any information you are requested to give, in these interrogatories, is protected by any privilege (attorney-client, work product doctrine, or otherwise), or withheld for any other reason whatsoever, please identify for each said document the following:

        (a)  Date the document was created (if known);

        (b)  Type of document (letter, memorandum, report, photograph, chart, etc.)

        (c)  Author of document;

        (d)  Recipient of the document (including all copy recipients);

        (e)  General subject matter of the document; and

        (f)  The basis for your claim of privilege or for otherwise withholding such said document.

## INTERROGATORIES

1.

Identify all persons who have investigated the subject collision or discussed the subject collision with Underinsured Motorist Carrier.

2.

State the following information concerning any and all liability insurance, or underinsured motorist insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to the Plaintiff for the claims made in

this lawsuit:

  a)   Name of each insurance company issuing policy;

  b)   Applicable liability limits concerning each policy;

  c)   Names of all persons insured under each policy; and

  d)   Policy number of each policy.

3.

Please identify every person who has any information about how or why the collision complained of in this case occurred, about who was at fault or in any way responsible for causing this wreck, and about any other information pertaining to the issues of liability and/or damages in this case. Please include a brief description of the nature of such person's knowledge. (For example: eyewitness, investigating police officer, medical personnel, etc.)

4.

Please state whether any of the above witnesses, as may have been provided in your response to Interrogatory No. 3 above, gave any statement(s) or account(s), either orally, in writing, or recorded in any way, of his or her knowledge of any information relevant in this lawsuit. If so, identify any witness(es) giving such statement(s) and provide an explanation of the type statement(s) given (oral, written, recorded, etc.). Also, identify the taker and present custodian of such statement(s).

5.

Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Underinsured Motorist Carrier or your attorneys.

6.

Please identify any person that you expect to call as an expert witness, whether live, by affidavit, or by deposition, in connection with any trial, hearing, or motion, as well as any other evidentiary hearing in this action, and, separately for each expert:

      a)     Identify the subject matter of which he or she is expected to testify;

      b)     Identify the substance of the facts and opinions as to which he or she is expected to testify;

      c)     Summarize the grounds for such opinions; and

      d)     Identify all documents and professional references upon which such person may base his or her testimony and opinions.

7.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff or any other person did or failed to do which in any way contributed to causing the subject occurrence and/or any of Plaintiff's injuries. Please supply any statutory authority in support of these contentions.

8.

Please state whether or not you, your attorneys, investigators, or other representatives know of any photographs, still or motion pictures, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following: the nature of such item, how many of such items exist (for example, 15 photographs), the name, address and employer of the person making or supplying such item, the identity of the person

who presently possesses such item.

9.

Please state whether or not an accident/incident report was made by you, as Underinsured Motorist Carrier, or any of your representatives in connection with the subject occurrence, and if so, the place where such report is located.

10.

Please identify all persons who are supplying information to respond to these Interrogatories and to Plaintiff's Request for Production of Documents to this Underinsured Motorist Carrier.

11.

Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the response(s) and/or contention(s) which it supports or to which it otherwise relates.

12.

Please detail the factual and legal basis for each defense pled in your Answer.

Respectfully submitted this _10_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, Georgia 31901
Phone: (706) 596-1446
Fax: (706) 596-8627
E-mail: brandon@garybrucelaw.net

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

⚜ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CHEYANN CALLAWAY                              *
                                             *
                Plaintiff,                    *
                                             *     CIVIL ACTION FILE NUMBER
v.                                            *
                                             *
JOSEPH SANDOVAL                               *
                                             *     _____
                Defendant.                    *
                                             *

---

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT

---

COMES NOW, Plaintiff Cheyann Callaway who serves upon Defendant Joseph Sandoval the following continuing interrogatories which are to be answered separately, under oath, in writing, and within the time required by law by serving a copy of said answers upon counsel for the plaintiff within forty-five (45) days after service:

### Definitions, Notes, and Instructions

A. As used herein "you", "your", and "Defendant" shall mean the Defendant, as well as: Defendant's counsel, agents, masters, servants, associates, employees, representatives, private investigators, insurers, and others who are or have been in possession of, or who may have obtained, information for or on Defendant's behalf.

B. As used herein "physical evidence" and "document" shall mean each and every tangible item and/or document, whether or not in your possession or under your immediate control, relating to or pertaining to the subject matter of this lawsuit and information sought in this discovery without limitation including but not limited to: all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, ledgers, letters, statements of witnesses, statements of person who were not witnesses but who have information relating to the occurrence which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, summaries, work sheets, insurance policies, films, photographs, videotapes, audio recordings, drawings, computer discs, computer tapes, computer/electronically stored information, lists, correspondence, posters, and print outs, as well as, all file copies and other copies, no matter how or by whom prepared and all drafts in connection with such documents and "physical evidence" whether used or not.

C. If an entire interrogatory cannot be answered because the complete answer is not known, so state and answer the part known. Similarly, if you allege a portion of an interrogatory objectionable, so state and answer to the extent that such interrogatory is not alleged objectionable.

D. With regard to any alleged objections to an interrogatory, the objector shall state the reasons for the objections with the grounds for the objection being stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown.

E. If you claim that any piece of physical evidence which you are requested to identify or any information you are requested to give in response to these interrogatories is protected by privilege (attorney-client, work product, or otherwise), or withheld for any reason whatsoever, please identify for each item of physical evidence by stating: the date the item was created; the type of item (letter, photo, receipt, chart, report, etc.); the creator/author of the item; each recipient and/or possessor of the item; general subject matter of the item; and the basis for your claim of privilege or for otherwise withholding such item of and/or information about physical evidence.

F. Each of the following interrogatories shall be deemed continuing in the manner provided by law. Defendant is requested (1) to seasonably supplement your responses if you, your agent, or your attorney, directly or indirectly, obtain further information relevant to the interrogatories propounded herein, and (2) to amend any prior response if you, your agent, or your attorney subsequently learn that although correctly made, the original response is no longer true and circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## INTERROGATORIES

1. Please identify yourself by stating: your full legal name; any other names you are/have been known by (ex: nickname or maiden name); your date of birth; your current age; your current address; your address on February 6, 2020; your address on the date the Complaint of Damages in this matter was served; and the last four digits of your social security number.

2. Please identify each relative by blood or marriage up to and through second cousins who reside in the county where this lawsuit has been filed and are eighteen (18) years of age or older by stating for each: full legal name; the relationship to you; current address; the elected government position each holds (if any); and where each is employed.

3. Please identify your formal education by stating for each high school, college, university, seminar, technical / vocational school, professional course, and other education / training:

the name of each educating entity; address of each educating entity; title of course taken; degree or certification obtained; dates of attendance; and the date of completion.

4. Please identify your employment history for the previous five years by stating for each employer during that time: the employer's name; business address and location where you worked (if different); dates of employment; job title; reason for your change of employment (ex: fired/promoted); and your duties.

5. Please identify any current driver's license you possess, as well as, any license you possessed on February 6, 2020, by stating: the state issuing; license number; the class; the date obtained; and any restrictions, suspensions, or revocations.

6. Please identify your history with regard to all wrecks in which you were driving which occurred within ten years before or after your wreck occurring on February 6, 2020, by stating for each wreck: the date; the city, county, and state of occurrence; the responding law enforcement department; whether anyone was injured; and whether you made any insurance claim for any injuries sustained or if such a claim was made against you.

7. Please identify your criminal history with regard to each criminal offense (including all warnings, traffic/ordinance violations, arrests, and criminal charges of any kind) for which you were arrested, cited, or charged by stating for each: the date; the responsible law enforcement department; the city, county, and state of occurrence; the nature of each offense; the court of each legal proceeding; your plea; whether any transcript of the legal proceeding was made; and the final disposition of each offense. (Please note that this request does include any criminal offense arising from your wreck occurring on February 6, 2020.)

8. Please identify your legal proceeding history regarding each other legal proceeding you have been a party to by stating: the type of each proceeding (ex: bankruptcy, divorce, civil lawsuit); the subject matter of each proceeding; your role/position in each proceeding; the date each proceeding was initiated; the court of each proceeding; the county and state in which the legal proceeding was filed; the name and address of the other party(ies) to each proceeding; and the final disposition of each proceeding.

9. Please identify your cell/mobile/smart phone information for every such phone you possessed or used within one month before and after your wreck occurring on February 6, 2020, by stating the phone number, the company providing the phone service, the

name(s) the phone account is listed under, the billing address the account is listed under, and whether such phone was with you at the time of the wreck.

10. Please identify any person who witnessed the wreck on February 6, 2020 or arrived at the scene by stating for each person: full legal name; any other names each is/have been known by; date of birth; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

11. Please identify any person having any knowledge whatsoever about the event(s) described in the Complaint for Damages in this case by stating for each person: full legal name; any other names each is/have been known by (ex: nickname, maiden name); date of birth; current age; current address; phone number; email address; employer; whether you knew the person prior to the wreck; whether he/she has given a written/recorded statement; and the subject matter each witnessed.

12. Please identify any person who you intend to call as an expert witness at the trial of this case by stating for each person: full legal name; name and address of his/her employer/organization; phone number; the field/subject matter he/she is to be offered as an expert; a summary of his/her qualifications within the alleged expert's field; the substance of the opinions to which he/she is expected to testify; and a summary of the grounds of each opinion to be given by the expert.

13. Please identify any liability insurance coverage which may be liable to satisfy part or all of any judgment which may be entered in the above-captioned case, or to indemnify or reimburse for payments made to satisfy such judgment by stating for each: the name of the company; the policy number; the policy limits of the liability coverage; and the named insured(s) under each policy.

14. Please state whether any insurance company has denied coverage or has agreed to defend this lawsuit under a reservation of rights, and, if so, please state the basis for which such coverage was denied or such reservation of rights was issued by the company.

15. Please identify any physical evidence (including any maps, pictures, diagrams, photographs, videotapes, drawings, depictions, measurements, visual aids, physical objects, recordings, or demonstrative material) of the wreck, the vehicles, the scene of the wreck, or the persons involved in the wreck, which is in your, your agents', or your attorneys' possession by stating for each: the type of item; the subject matter of the item;

the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

16. Please identify the owner(s) of the vehicle you were occupying during your wreck of February 6, 2020, by stating for each owner (whether person or business): the name of any registered title owner; the address of that owner; your relationship to that owner; the number of times that owner has allowed you to use the vehicle in the twelve (12) months prior to the wreck; how the driver came to possess the vehicle from that owner on the day of the wreck; and whether that owner knew of any offenses listed in your response to Interrogatory No. 6 above, if any, prior to this wreck.

17. Please identify the purpose of your driving during which your wreck occurred on February 6, 2020, by stating: the location and address of where you were driving from; the location and address of where you were driving to; and the reason you were driving from one location to the next.

18. Please state how the wreck at issue in this matter occurred including: the direction of the vehicles; whether you saw the plaintiff's vehicle prior to the collision; the lane in which each vehicle was traveling; and any action taken by you to avoid the collision.

19. Please identify whether you consumed any alcoholic beverages, prescription medication, or other drugs of whatever kind for twenty four (24) hours immediately preceding your wreck on February 6, 2020, by stating for each substance consumed: the type and quantity of the substance consumed; the location and address where the substance was consumed; the approximate time of consumption; and the name and address of any person present during the consumption.

20. Please identify whether you were on the job, working, or doing an errand for some other person/entity at the time of the wreck by stating: the full legal name of such person/entity; the address of such person/entity; the task/assignment being performed by you; the supervisor or individual that requested you perform such task/assignment; and the compensation or benefit provided in exchange for your performance.

21. Please identify any injuries you sustained in your wreck occurring on February 6, 2020, by stating for each: the area of your body injured; the name, business, and address of any

medical provider from whom you received treatment; and the date of your first and last treatment.

22. Please identify whether you believe any person or entity, other than yourself, contributed to causing your wreck occurring on February 6, 2020, by stating for each such person: full legal name; address; each act or omission by that person that you feel contributed to causing the wreck

23. Please identify whether you believe any weather/lighting condition or mechanical defect/malfunction contributed to causing your wreck occurring on February 6, 2020 by stating for each such contributor: the type condition, defect, or malfunction; when you first became aware of such; how such was discovered; how long such existed prior to the wreck; and how such contributed to causing the wreck.

24. Please identify every fact that supports each affirmative defense that you raise in the above-captioned matter.

25. Please identify all admissions you contend were made by stating with regard to each: the fact admitted; who admitted it; when the admission was made; and the identity and contact information of any witness to the admission.

26. Please identify all other tangible and/or documentary physical evidence not already stated in your responses to these interrogatories which are relevant to any facts, issues, or contentions pertaining to the subject matter of the above-captioned case, by stating for each: the type of item; the subject matter of the item; the date the item was taken or made; the name and address of the person(s) who took or made the item; and the present location of the item. (Please note that if a work-product or attorney client privilege objection is asserted, we specifically request a privilege log identifying the allegedly privileged item(s).)

27. Please verify your responses to these interrogatories.

Respectfully submitted this 10th day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31091
Telephone: (706) 596-1446
Facsimile: (706) 596-8627

J. Brandon Snellings
Georgia Bar No. 532402
*Attorney for Plaintiff*

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2021CV001049**

AUG 10, 2021 09:06 AM

Danielle F. Forte
Danielle F. Forte, Clerk
Muscogee County, Georgia

IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHEYANN CALLAWAY, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION FILE NUMBER |
| | * | |
| v. | * | |
| | * | _____ |
| JOSEPH SANDOVAL, | * | |
| | * | |
| Defendant. | * | |

---

## COMPLAINT FOR DAMAGES

---

COMES NOW, Plaintiff Cheyann Callaway who files this Complaint for Damages against Defendant Joseph Sandoval by showing this Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Cheyann Callaway submits to the jurisdiction and venue of this Court.

2.

Defendant Joseph Sandoval is a resident of Russell County, AL and may be served with legal process at his residence located at 1310 Ingersoll Drive, Phenix City, AL 36867.

3.

Jurisdiction is proper in this Court.

4.

Venue in this Court is proper.

### II. OPERATIVE FACTS

5.

On February 6, 2020, Defendant was driving West on 13th Street approaching 12th Ave.

in Columbus, Muscogee County, GA.

6.

At that same time, Plaintiff was traveling East on 13th Street near 12th Ave.

7.

Defendant turned left into Plaintiff's lane of travel colliding with Plaintiff.

8.

Defendant caused the subject collision.

9.

As a result of the collision, Plaintiff suffered severe and permanent bodily injuries, including, but not limited to, a fractured right arm requiring the surgical insertion of metal hardware.

10.

As a result of the collision, Plaintiff incurred medical expenses in the amount of $45,481.51 or more for medical treatment, including by not limited to, surgery performed on her fractured right arm.

### III. LIABILITY OF DEFENDANT AND DAMAGES SOUGHT

11.

Defendant is liable to Plaintiff for tortious acts and omissions, including but not limited to the following:

a) Negligently failing to yield;
b) Negligently making an improper left turn;
c) Negligently failing to keep a proper lookout ahead; and,
d) Other violations of the rules of the road which may also be negligence *per se* in violation of statute.

12.

Plaintiff's damages are the direct and proximate result of Defendant's negligent conduct.

13.

As a direct and proximate result of Defendant's negligent conduct, Plaintiff seeks a verdict for compensatory damages, including special damages for medical expenses in the amount of $45,481.51 or more, and lost wages in the amount of $5,188.42, as well as, general damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff prays for the following relief:

a) Summons issue requiring Defendant to be and appear as provided by law to answer Plaintiff's Complaint;
b) A jury trial be held;
c) Plaintiff have judgment for special and general damages to fully and completely compensate Plaintiff;
d) All costs be cast against Defendant; and
e) For such other and further relief as this Court shall deem just and appropriate.

Respectfully submitted this _10th_ day of August, 2021.

**GARY O. BRUCE, P.C.**
912 Second Avenue
Columbus, GA 31901
Phone: (706) 596-1446
Fax: (706) 598-8627
Email: brandon@garybrucelaw.net
*Attorneys for Plaintiff*

J. Brandon Snellings
Georgia Bar No. 532402
Gary O. Bruce
Georgia Bar No. 090266
Kristen L. Campbell
Georgia Bar No. 443214

2/003 449

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No.   SC2021CV001049

Date Filed   08/10/21 09:06 AM

Attorney's Address   Snellings, J. Brandon
Gary O. Bruce, P.C.
912 Second Avenue
Columbus, GEORGIA 31901-

Name and Address of Party to be Served.   through its registered agent
State Farm Automobile Insurance Company   Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GEORGIA 30092

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia,   MUSCOGEE   COUNTY

Callaway, Cheyann

_____ Plaintiff

VS.

Sandoval, Joseph

_____ Defendant

_____ Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant_____ by leaving a
☐ copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☑ Served the defendant   _State Farm Automobile Insurance Comp_   a corporation
by leaving a copy of the within action and summons with   _Alishia Smith R.A_
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This   _24_   day of   _Aug_   , 20 _21_

_J. Williams SO1139_
Deputy